M’Girk, C. J.,
delivered the opinion of the Court.
This is an appeal from the Circuit Court of Howard county, the case originally commenced in the County Court of Howard county. The notice of claim, which stands in lieu of a declaration, contains several counts; some of which count on a note, made by one Lochehart, for upwards of a thousand dollars, to one G. C. Hart and H. Carrol, the intestate of Lane. Hart and Carrol endorsed the note to Morgan, who endorsed it to one Ward. Lochehart was sued on the note by Ward, and on execution took the benefit of the insolvent debtor’s acts.
There are also common money counts. On these counts or notice, a judgment was given in the Circuit Court for Clark, the appellee. On the trial of the cause, several points were made by appellant’s counsel, and decided against him ; which were excepted to, and appear by a bill of exceptions. Those which appear to he of most importance will only he noticed; one of which is, that the “ proof of Clark being administrator, is not competent to prove that fact. The proof offered and objected to, was an extract or copy from the proceedings of the County Court. The extract begins thus: “ State of Missouri, Cooper county, ss. Archibald Kavinaugh and James Bruffee, Justices of the County Court of Cooper county. To all whom,” &c. It is contended that by this it does not appear to have been done by a Court, hut by individuals. If this stood alone, there might be some room for the objection ; another part of the same extract does, however, show abundantly that the grant of administration was made by the County Court of Cooper county.
It is next objected, the letters of administration must he produced to prove Clark administrator, and that a copy of the grant of administration, taken from the record, is not admissible. This Court is of a different opinion.
*469 The act of the General Assembly, it is true, requires that all letters of administration shall be recorded, and that if not recorded they are not evidence; but if recorded they shall be evidence. But the act does not make them the only evidence that can prove the fact of administration, but leaves the law on that subject as it was before. On this point we can perceive no error. Thirdly, it was objected that a copy of the record of suit being brought by Ward against Lochehart, and of his insolvency, is not competent evidence to prove diligence on the part of Morgan. We believe the evidence competent in its nature to be heard by the jury, but give no opinion of its weight or effect.
These are all the points worthy of notice. The judgment is affirmed, with costs ¡and one per cent, damages.