THE STATE, TO USE OF MOORE & MOORE, Respondent, *vs.* PRICE & LUSK, Appellants.

1. An allegation that the plaintiffs are administrators *de bonis non* is sustained by the production in evidence of letters purporting to be general letters of administration, it appearing that there was in fact a prior administration.

2. The order of the county court is a sufficient appointment of an administrator, without any formal letters, if the party give the bond and take the oath required by law.

### *Appeal from Cole Circuit Court.*

This was an action brought by Moore & Moore, alleging that they were administrators *de bonis non* of Jesse Renfro, deceased, against Price & Lusk, as securities in the bond of William Martin, the prior administrator. At the trial, the plaintiffs offered in evidence letters of administration, which, on their face, purported to be general. The plaintiffs read in evidence,

State, to use of Moore, *v.* Price.

from the record of the county court, the order appointing them administrators *de bonis non*. To the admission of this evidence, the defendants excepted, and after a judgment against them, appealed to this court.

*Gardenhire*, for appellants.

*Parsons* and *Edwards*, for respondents.

LEONARD, Judge, delivered the opinion of the court.

The only point relied upon in argument for the reversal of this judgment, is the alleged variance between the allegation and the proof, in reference to the representative character of Moore & Moore, for whose use the suit is brought. The allegation is, that they are the administrators *de bonis non* of Jesse Renfro, deceased, and their letters, given in evidence, are general, constituting them administrators of the deceased, without any limitation as to the effects to be administered. Martin was the original administrator, and, of course, the subsequent grant of a general administration could only have effect as an authority to administer the unadministered effects; in other words, at the very utmost, it could only be in point of legal effect an administration *de bonis non*, no matter how general the words might be. The county court, when they made the grant, could confer no other authority, and must hold the letters utterly void, or give them the limited effect indicated. For the purpose of upholding the proceedings of the county court, we may look to the facts existing at the time, and give effect to their letters, to the extent of their authority, and stop there. It may be likened to the common case of one having power to act, and exceeding his authority, and yet the act done is valid to the extent of the power.

Again, the order of the county court is a sufficient appointment, without any formal letters, if the party give the bond and take the oath required by law, (*Lane's adm'r* v. *Clark's adm'r*, 1 Mo. Rep. 657; *Carroll's adm'r* v. *Corn*, 1 Mo. Rep. 131; and the remarks of Tompkins, Judge, in refer-

ence to this case, in *Carpenter* v. *The State*, 8 Mo. Rep. 295.) Here, the order read in evidence appointed these plaintiffs administrators *de bonis non*, and the clerk committed the error in drawing up the formal letters. The judgment is affirmed ; Judge Scott not sitting.