JOHN GILMORE, ADMINISTRATOR, Defendant in Error, *v.* ISRAEL MORRIS, Plaintiff in Error.

December 12, 1882.

1. PLEADING. — An allegation in the petition that the plaintiff is administrator, is put in issue by a general denial.

2. —— PRACTICE. — In an action by an administrator on a promissory note executed by the intestate, a failure to prove the plaintiff's representative capacity is fatal under a general denial.

3. CONVEYANCES, DELIVERY OF. — The question as to whether a deed executed by a husband and left with a notary to be executed by the wife, was delivered, is one of fact, depending upon the husband's intention at the time.

ERROR to the Lincoln Circuit Court, ROBINSON, J. *Reversed and remanded.*

NORTON & MARTIN, for the plaintiff in error.
WALTON & AVERY, for the defendant in error.

LEWIS, P. J., delivered the opinion of the court.

The petition states that the plaintiff is administrator of the estate of Richard Wommack, deceased, and that the defendant executed and delivered to said Wommack, in his lifetime, a promissory note for $576.64, together with a deed of trust conveying certain lands to secure the payment thereof. Judgment is sought for the amount due on the promissory note, and for a foreclosure of the deed of trust. The plaintiff obtained judgment, as prayed for.

The answer was a general denial. No attempt was made to prove that the plaintiff was administrator of Wommack's estate. The court's attention to this omission was called, in an instruction offered by defendant and refused, and in the motion for a new trial. The omission is fatal to the judgment. The allegation that the plaintiff was the legally constituted representative of the rights acquired by Wommack in his lifetime, was as material to his right of recovery, as any other in the petition. The answer put it in issue, and there could be no recovery by the plaintiff, without proof sustaining the allegation. See *The State to use,* v. *Price,* 21 Mo. 434.

It appears from the record, that the deed of trust was to have been executed by the defendant and his wife. The defendant executed and acknowledged it before a notary, with whom the deed was left, to remain until the wife should call and add her signature. She never appeared, however, and never signed the deed. The defendant claims, therefore, that there was no delivery, and that he is not bound by the terms of the deed. It is generally understood that, when a deed or other instrument signed by one person, is to remain *in fieri* until signed by another, there can be no valid delivery until such other shall have signed also. At the same time, the first signer may, if so disposed, make a

complete execution and delivery as to himself, which will be binding on him, whether the other signature be added or not. The question is one of fact, depending upon the understanding and intention of the parties at the time of the act. In another trial of this cause, an instruction should be framed, distinctly presenting this issue to the jury, or to the court sitting without a jury, as the case may be. The judgment will be reversed and the cause remanded. All the judges concur.