CASE 57—EQUITY—FEBRUARY 5.

# Mobberly v. Johnson's ex'r.

78   273
134   641

APPEAL FROM DAVIESS CIRCUIT COURT.

1. The bond executed by appellee, as administrator with the will *annexed*, of the decedent, is a substantial compliance with the statute.

2. It is immaterial whether the surety on the bond is bound for the proceeds of real estate sold by the administrator, or whether there was any bond at all. The order of appointment was made by a court having jurisdiction of the person and the subject-matter, and its judgment cannot thus be collaterally attacked.

3. There has been no substantial change in the law in regard to the appointment of administrators with the will annexed and their bonds since 1797. Under the statute then existing, it was held that a defect in a bond did not vitiate the appointment. That appellee designates himself as "executor of Jas. Johnson" is immaterial. He passed the title to the land by the deed, being in fact administrator with the will annexed.

LITTLE & SLACK FOR APPELLANT.

1. The bond executed by the appellee as administrator with the will annexed of J. I. Johnson is not the bond required by the statute. (9 Dana, 102; Rutherford's heirs v. Clark, 4 Bush, 32; 3 S. & M., 715; 8 Serg., p. 54; 2 Ib., 642.)

2. No title passed to appellant, because appellee describes himself as executor, when he was in fact administrator with the will annexed of the decedent.

R. H. & E. P. TAYLOR AND RILEY & WALKER FOR APPELLEE.

1. The Daviess county court had jurisdiction to appoint appellee as administrator with the will annexed. (Gen. Stat., chap. 39, p. 442; Peebles v. Watts' adm'r, 9 Dana, 103.)

2. The deed is made in pursuance of the decedent's will, and the differ-
ence in the description is purely technical.   He was vested with the
power to convey the title to the land.   (Owings v. Beall, 1 Litt., 260;
Woods' adm'r v. Nelson, 9 B. Mon., 605; Gilchrist v. Williams, 1 B.
Mon., 133.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

J. I. Johnson died, leaving a will, in which certain per-
sons were designated as executors, and directed to sell the
real estate owned by the testator at his death.   The persons
named in the will having failed to qualify as executors, ap-
pellee, on the application of all the heirs, was appointed
administrator with the will annexed, and, having qualified
and executed bond, sold to appellant a portion of the real
estate, for which he executed a deed, denominating himself
executor.   After some payments were made the adminis-
trator with the will annexed brought suit to enforce the
lien for the unpaid price for which the land sold.   To this
action, among other things, appellant pleaded that by his
conveyance from the administrator with the will annexed
he received no title, first, because the bond executed by the
administrator was not such as the statute required; and
second, because, in the deed appellee designated himself as
executor instead of administrator with the will annexed.
Upon these issues the court below rendered judgment en-
forcing the lien, from which this appeal is taken.

Section 1, article 1, chapter 39, General Statutes, provides
that the executor shall not act to any extent until the will
has been admitted to record, and he has executed bond and
taken the oath required by law.   The fifth section of that
article prescribes the form in substance of the bond to be
executed by an executor or an administrator with the will
annexed.   Under that section the executor or administrator
with the will annexed substantially undertakes to administer

Mobberly v. Johnson's ex'r.

the goods, chattels, credits, and effects that may come to his hands, and the proceeds of any sale and the rents and profits of any estate which may come to his hands, which the will empowers him to sell; that he will deliver all the legacies specified in the will, and make a proper distribution of any surplus effects to the persons entitled thereto.

The bond executed reads:

"Whereas, B. E. W. Stout has been appointed, by the county court of Daviess county, administrator with the will annexed of James I. Johnson, deceased: now we, B. E. W. Stout, administrator, and Thomas J. Yeiser, surety, do hereby covenant to and with the Commonwealth of Kentucky that the said Stout will well and truly administer the goods, chattels, credits, and effects of the said intestate according to law, and will further make a just and true account of all his acting and doings therein, and will well and truly make a proper distribution of any surplus money, effects, and rents which may come to his hands or to any one for him, by color of his office, to the persons entitled thereto."

This appears to be a substantial compliance with the form prescribed in the statute. The bond purports to be the bond of the administrator with the will annexed, and obligates him to "make a proper distribution of any surplus money, effects, and rents which may come to his hands or to any one for him, *by color of his office*, to the persons entitled thereto." The surety to the bond must be taken to have entered into this obligation with a full knowledge of the powers and duties of an administrator with the will annexed. He must be presumed to have known that the administrator thus appointed had the same powers and was liable in the same way as the executor would have been if he had qualified and executed bond as such. But we consider it immaterial whether the

surety is bound on the bond for the proceeds of the real estate sold by the administrator, or whether there was any bond at all. The order of appointment was made by a court having jurisdiction of the person and of the subject-matter, and its judgment cannot be thus collaterally attacked. (Peebles v. Watts' adm'r, 9 Dana.) An executor or an administrator with the will annexed derives his authority to convey real estate from the will, while the order of appointment and qualification is the evidence of his right to act as such executor or administrator with the will annexed. The power is. conferred by the will, the right to its exercise by the judgment of the court probating the will and the order of appointment. (9 B. M., Woods' adm'r v. Nelson's adm'r, 604.)

Counsel for appellant insists, however, that the rule of construction has been changed by that provision of the General Statutes requiring that the executor shall not act until. he has executed bond, and that there is no bond as required by the statute. This position is untenable for two reasons— first, because the bond executed is in substantial compliance with the requirements of the statute, and, second, because there has been no material change in the law since 1797, and under the law as it then existed it was held that a defect. in the bond of an executor did not vitiate his appointment nor invalidate his acts. (Peebles v. Watts' adm'r, 9 Dana;. Morehead & Brown's Statutes, page 659.)

The case of Frazier v. Frazier (2 Leigh) cited by counsel, has no application. That was an action upon the bond which had not been executed in the manner required by the statute, and the court held, while intimating that it might be good as a common law bond to indemnify the officer taking it, that it did not bind the surety. There was no occasion

to decide nor was it intended to be held that by reason of the defect in the bond the acts of the executor were invalid.

Counsel for appellant also rely upon Williamson v. Williamson (5 Sneed & Marshall, 719). That was a case where the legislature by a special act authorized a person to sell and convey certain real estate belonging to an infant, and prescribing that he should first execute bond to account for the proceeds, and that in making the sale he should observe the rules and directions of law for the sale of real estate by administrators. This he did not do, and the court held the conveyance made by him did not vest the purchaser with any title. There the source of power and the measure of its exercise was found in the act of the legislature only. There was no power independent of the manner of its exercise —they were so blended that they were inseparable parts of one whole, neither could have an existence without the other.

It can make no difference that appellee describes himself in the deed to appellant as executor of James I. Johnson, deceased, instead of administrator with the will annnexed. He purports to convey by virtue of the power derived under the will of James I. Johnson and made effective by the order of appointment. Whatever power to convey he had as administrator with the will annexed was exercised in the execution of the deed in which he denominates himself executor. The intention is clear that, as personal representative of James I. Johnson, by whatever name he may be technically designated, he designed to vest the title to the land in controversy in the appellant, and that intention we think has, beyond doubt, been carried into effect.

Judgment affirmed.