[No. 1503, January 27, 1913.]

## THOMAS R. BULL, et al., Appellants, v. FRANCISCO BAL, et al., Appellees.

### SYLLABUS (BY THE COURT).

1. Where the authority of an executor is revoked, and an administrator, with the will annexed, is appointed, it is. not essential to the validity of the bond to be given by him as such that his special character should be recited therein; a bond in the ordinary form required of general adminis-- trators by the statute, is valid and proper.

2. Reference should be made to the order of appointment for the purpose of determining the character and status of one assuming to administer upon an estate.

3.. The defect in the bond executed by the administrator with the will annexed, did not vitiate his appointment, nor invalidate his acts.

4. Letters of administration are to be considered merely as credentials and not necessary where the order or record. of the court show his authority to act.

5. An adjudication by the Probate Court as to insuf- ficiency of personal assets to meet debts and legacies is not necessary preliminary to the exercise of power of sale con- ferred by last will and testament upon an executor or ad-- ministrator with the will annexed.

6. An executor, or administrator with the will annexed, where power of sale of real estate has been conferred by the last will and testament of the decedent, has as a gen- eral rule considerable discretion as to the manner and con-

duct of such sale, and may sell at private sale at his dis-
cretion when prudently and honestly exercised.

Appeal from Dona Ana County, New Mexico.

SAM B. GILLETT and F. G. MORRIS, for Appellants.

The probate judge has power to grant letters testamen-
tary and of administration. Sec. 1935, C. L. 1897; Mum-
ford v. Hull, 25 Minn. 347; Scott v. Monks, 14 Atl. 860;
Sheldon v. Smith, 97 Mass. 34; Small v. Commonwealth,
8 Pa. St. 101; Fulcher v. Commonwealth, 26 Ky. 592;
Moore, et al. v. Waller, 1 Marshall 488; Barbour, etc. v.
Robertson's Heirs, 1 Littell 95.

Powers of selling real estate by executors or adminis-
trators. Secs. 2065-6, C. L. 1897; Coy. v. Gage, et al.,
84 S. W. 441; Bray v. Neill's Executors, 21 N. J. Eq. 343.

If power of sale existed at all, it must be a public sale.
Secs. 1960 and 2063, C. L. 1897; 28 M. E. 305; Words
& Phrases, vol. 3, 4421; id. p. 4440; Banton v. Griswold,
50 Atl. 89; 95 Me. 445.

When a sale of real estate is required by law to be a
public sale, a private sale is void and passes no title. Free-
man on Void Judicial Sales (4th ed.) sec. 32; Hutchison
v. Cassidy, 46 Mo. 431; Ellet v. Paxson, 2 W. & S. 418;
Frambo v. Gantt, 12 Ala. 298; Wier v. Davis, 4 Ala. 442;
McArthur v. Carrie, 32 Ala. 275; Gaines v. De La Croix,
6 Wall. 719; Neal v. Patterson, 40 Ga. 363; Ashurst v.
Ashurst, 15 Ala. 781; Worten v. Howard, 2 S. & M. 527;
Mentress v. Smith, 10 Peters, 161.

R. L. YOUNG, for Appellees.

Administrator's bond. Secs. 1944 and 2064, C. L. 1897;
1 Woerner Am. Law Administration; 18 Cyc. 82; McClure
v. Colclough, 5 Ala. 65; 2nd ed. Woerner Am. Law Admr.
719; sec. 339; Judge of Probate v. Claggett, 36 N. H.
381; Casoni v. Jerome, 58 N. Y. 315; Peebles v. Watts,
Admr., 9 Dana 102; 11 A. & E. Ency. of L. 871; Mob-
berly v. Johnson, 78 Ky. 273; A. & E. Enc. of L., 868;

id. 1055; id. 1157; 33 Am. Dec. 531; Hartzell v. Com., 42 Pa. St. 453; Hosey, Admr. v. Brasher, 33 Am. Dec. 299; Larco v. Casanueva, 30 Cal. 561.

Authority of executor or administrator to act as evidenced by letters testamentary. 18 Cyc. 141.

The sale and conveyance of land at an executor's sale by an executor as administrator is nothing more than an irregularity which cannot affect the title of a purchaser in good faith. Norman v. Olney, 64 Mich. 553.

There is nothing in the record in contradiction of the findings. 3 Cyc. 172; Choppin v. Wilson, 27 La. Ann. 444; Flint v. Jones, 5 Wis. 84; Territory ex rel George Parker v. The Mayor, etc. of Socorro, 12 N. M. 177.

As to the necessity for a previous adjudication by the probate court as to the insufficiency of the personal estate to pay debts. First Natl. Bank v. Lee, 8 N. M. 594; sec. 2282 C. L. 1897; McCullum v. McCullum, 33 Ala. 711; Larco v. Casanueva, 30 Cal. 561; sec. 1960 C. L. 1897.

As to necessity for a public sale of real estate. Sec. 2828 C. L. 1884; secs. 2064, 2065, C. L. 1897; 18 Cyc. 325.

As to the title of a purchaser of real estate conveyed by an executor acting under power of sale contained in the will. 11 A. & E. of L., 1053; La Rue v. La Rue, 3 J. J. Marshall, 156; 18 Cyc. 728; 2 Woerner Am. L. of Admr. (2nd ed.), sec. 464, p. 1119; 18 A. & E. Enc. of L., 938-940; 18 Cyc. 322.

Appellants have not embodied all the pleadings in the record, and this court cannot therefore consider exceptions to conclusions of law of the court below. 3 Cyc. 173; Davis v. Talbot, 47 N. E. 829; Brooker v. Easterly, 12 Kas. 149; 2 A. & E. Enc. of L., 1035.

SAM B. GILLETT and FRANK G. MORRIS, for Appellants, in reply.

Appointment of executor under the will is not effective without acceptance. Sec. 1966, C. L. 1897; sec. 1944, C. L. 1897; Am. & Eng. Enc. of L., vol. 11, p. 753; id. p. 756; Briscoe v. Wickliffe, 6 Dana 157; Ewing v. Sneed, 28 Ky. 459.

Bull v. Bal, 17 N. M. 466.

Limitation of right to sell real estate to pay debts. Sec. 2065, C. L. 1897; secs. 1967 and 1971, C. L. 1897;. Bray v. Neill's Executors, 21 N. J. Eq. 343; First Natl., Bank v. Lee, 8 N. M. 594.

Statutory requirements of a public sale of real estate· by an executor. Secs. 1960 and 2063, C. L. 1897.

Defendant required to plead specially as in other actions under the code. Code of Civil Procedure, Act of· March 21, 1907, p. 269 and sec. 2 of same Act. p. 296.

### STATEMENT OF FACTS.

This suit was instituted by the First National Bank of Santa Fe, suing for itself and all other creditors of· the estate of Thomas J. Bull, deceased, against Barbaro Lucero, et al., including the administrator *de bonis non* of the estate of Thomas J. Bull, and sureties on the bonds of preceeding administrators, to review and set aside orders of the Probate Court allowing administrators accounts; to discover assets; to compel the payment of· creditors so far as the personal property and assets would pay the same; and, to compel a sale of real estate to pay any balance that the assets and personal property would not pay. All appellants and appellees were named as parties defendant, as claimants of the land which was. sought to be subjected to sale.

The case, as thus initiated, was determined by a decree which is not appealed from. The questions presented for our determination in this appeal are raised by the answers and counter-claims of the several defendants who are appellees here, setting up title in several of the tracts sought to be sold to pay debts of decedent.

Each appellee filed a separate answer and counter claim against appellants, who are vendees of devisees of said tracts of land under the last will and testament of Thomas. J. Bull, deceased, seeking reformation of the deed executed to him for the land described in his counter claim, so as to give it effect as the deed of Willis J. McGinnis, as administrator of the estate of Thomas J. Bull, deceased,. instead of a deed by him as executor, in which form it was executed. The appellants, defendants to said counter·

claims, filed separate answers to each of said counter claims, assailing the validity of said several administrators' sales under which said counter claimants respectively claimed, upon the grounds that (1) W. J. McGinnis, who made the sales, was not administrator with the will annexed, (the will containing power of sale for purpose of paying debts) ; (2) that the sales were made at private sale, and, (3) that the inventory and appraisement and list of claims showed sufficient personal assets to pay all debts at the time the sales were made.

The facts, found by the court, so far as essential to this appeal are briefly as follows:

That Thomas J. Bull, a resident of Dona Ana County, died January 1, 1899, leaving an estate therein, and consisting of both real and personal property; also, leaving a will in which Willis J. McGinnis and Benancia Padilla were named jointly as executor and executrix, who failed to accept the trust and did not qualify. That the will was duly probated and letters of administration duly issued to Willis J. McGinnis, who qualified as administrator with the will annexed by entering into the usual administrator's bond, conditioned (among other things) that he should administer according to law all the moneys, goods, etc., of the deceased, and should pay any and all balances upon the settlement of the accounts to such persons as the Probate Court, or the law, should direct, which bond was duly approved by said court, and said administrator thereupon entered upon his duties as such.

That Thomas J. Bull, was the owner of tracts of land described in the complaint, as tracts A. to P., inclusive, at the time of his decease.

That the personal estate of decedent, coming into the hands of said McGinnis, administrator, was insufficient to meet the debts of the estate and necessitated a resort to a part of the real estate to realize funds to pay the debts of the estate.

The conclusions of law pertinent to the present inquiry were as follows:

"3.    That the personal estate of the said Thomas J.

Bull, deceased, being insufficient, to pay the debts of the estate, the said administrator, Willis J. McGinnis, properly resorted to the real estate of the said estate for the purpose of realizing funds wherewith to satisfy the claims against the estate of the said Thomas J. Bull, deceased, and that the sums realized therefrom became and were a part of the estate to be and by the said administrator disbursed, as provided by law, in the satisfaction of existing claims against the said estate."

"7.	That Willis J. McGinnis, being in fact and law the administrator of the estate of Thomas J. Bull, deceased, with the will annexed, and having been such administrator with the will annexed at the time he executed and delivered the deeds and transfers as executor of the estate of Thomas J. Bull, deceased, as alleged in the answers and cross complaints filed herein, the said defendants and cross complainants, Francisco Bal, Pablo Gamboa, Miguel Estrada, S. W. Sherfey and Nancy Sherfey, his wife, Oscar Snow, W. N. Hager and Ramon Bermudes, administrator of the estate of Ramon Gonzales, deceased, are, and each of them is, entitled to the relief prayed for in their said cross-complaints; that said instruments and deeds of conveyance be reformed, as prayed in said cross-complaints."

Judgment was rendered for each of the appellees reforming his deed, and from that judgment this appeal is taken.

## OPINION OF THE COURT.

HANNA, J.—The first assignment of error is that the District Court erred in its third finding of fact "that letters of administration were duly issued to Willis J. McGinnis, who qualified as such administrator with the will annexed."

The second error assigned is that the court erred in its 17th finding of fact "that Willis J. McGinnis, administrator with the will annexed of the estate of Thomas J. Bull, deceased, executed to the defendants and cross-complainants certain deeds and instruments in writing."

The third error assigned is that "the trial court erred

in its 18th finding of fact in so far as it finds that Willis J. McGinnis, administrator with the will annexed of the estate of Thomas J. Bull, deceased, executed certain instruments." ·

These three assignments of error raise the same questions for our consideration and are each based upon the contention of the appellants that neither the letters of administration, the oath of office or bond of administrator, or all together, show that said administrator was appointed and qualified as administrator with the will annexed, but expressly limit the powers of the administrator to those of an ordinary administrator.

The record discloses that the Probate Court of Dona Ana County, February 7th, 1899, admitted the last will and testament of Thomas J. Bull, deceased, to probate, and as a part of said order, directed that "letters of administration with the will annexed do issue to the said Willis J. McGinnis and Benancia Padilla after first entering into bonds with two or more good and sufficient sureties in the sum of $31,000.00 conditioned for the faithful performance of said trust." Three days later, McGinnis filed a bond in the sum of thirty-one thousand dollars, in which he was described as administrator, but which differed from the bond required of ordinary administrators in that it was conditioned that he "administer according to law all the moneys, goods, rights and credits of the said deceased, and the proceeds of all his real estate which may be sold for the payment of his debts." The oath of McGinnis was not in the form required of ordinary administrators, or in full compliance with forms of oath required of other classes of administrators, but follows more closely the requirements of our statutes as to oath of administrator with the will annexed.

We do not agree with appellants that the bond executed by McGinnis was in the form required of ordinary administrators, on the contrary, its form would indicate that an attempt was made to comply with the requirements of the statute (sec. 1944) and while the bond describes McGinnis as administrator instead of administrator with the will annexed, this was doubtless due to a mistake,

or omission, which appellants in good conscience cannot be permitted to avail themselves of. The approval of the bond by the probate court, within three days after the order of appointment, precludes any presumption of a renunciation of the appointment or intention on the part of McGinnis not to qualify under the terms of the order of his appointment.

It has been held in the case of Casoni, et al. v. Jerome, 58 N. Y. 315, that:

"Where the authority of an executor is revoked, and an administrator, with the will annexed, is appointed, it is not essential to the validity of the bond to be given by him as such that his special character should be recited therein; a bond in the ordinary form required of general administrators by the statute is valid and proper."

Our statutes containing similar provisions to those of N. Y. upon which the foregoing opinion was based, we agree with the rule there laid down. The opinion further elucidates the rule in the following language:

"It is true that her special character as administratrix with the will annexed is not recited in the bond, but this was not essential to its validity. Whether she was a general or special administratrix, would have been disclosed by an examination of the order appointing her, and the bond must be held to refer to her acts and conduct in the actual character and relation to the estate which she held by virtue of her appointment."

We are of the opinion that reference should be made to the order of appointment for the purpose of determining the character and status of one assuming to administer upon an estate.

The fact that in our jurisdiction no legal training or skill, is requisite as a qualification for the office of Probate Judge, or Clerk, results in many clerical and other mistakes and makes the adoption of the rule, referred to, imperatively necessary.

We do not concede that the bond given by McGinnis was fatally defective, but are inclined to the opinion that the defect in the bond executed by the adminis-

trator with the will annexed, did not vitiate his appointment, nor invalidate his acts.

Peebles v. Watt's Admr., 9 Dana (Ky.) 102, 33 Am. Dec. 531; Moberly v. Johnson's Exec., 78 Ky. 273.

We do not consider that the contention of appellants, that the letters of administration do not show that the administrator qualified as administrator with the will **4** annexed, is meritorious. We are of the opinion that letters of administration are to be considered merely as credentials and not necessary where the order or record of the court show his authority to act.

Hosey v. Brashear, 33 Am. Dec. 299. Burkhalter v. Ector, 25 Ga. 55. State v. Price, 21 Mo. 434.

It is also urged that the oath did not describe McGinnis as an administrator with the will annexed. While this is true, it is a purely technical objection which cannot be given serious consideration.

For the reasons given, we are of the opinion that the first three assignments of error are not well taken and they are therefore overruled. The fourth assignment of error is that:

"The court erred in its 3rd conclusion of law insofar as it found that the administrator properly resorted to and sold real estate belonging to said estate for the purpose of realizing funds wherein to satisfy the claims against the estate of Thomas J. Bull, deceased, to which said conclusion of law appellants duly excepted and now assign error as to the sales in question between appellants and appellees, upon the ground that it appears from the trial court's said findings of fact that the administrator at the time of making said sales had not sold the personal property of said estate, which appears from the inventory and approved claims and reports of the administrator, all as found by the court, in the findings of fact, to be sufficient to pay the debts of the estate; that the said sales were not lawfully made by said administrator, that they were made without an order of the District Court, and the said administrator could not sell said real estate under such circumstances without an order of the District Court."

The argument in support of this assignment of error

is that the sale by the administrator, if he was author-
ized to exercise the power given to executors to sell real
estate to pay debts, was nevertheless, without authority
and void because the statute of New Mexico (sec. 2065)
limits the power of the executor acting under a will con-
taining power to sell real estate to pay debts, as well
as the power of the District Court to order a sale, to
cases wherein "it shall appear from the inventory and
appraisement that the personal estate of the decedent is
insufficient to discharge the just debts allowed against
his or her estate and the legacies charged thereon." We
cannot agree with this contention of appellants, but in-
terpret this section of the Compiled Laws of 1897 to
mean that whenever, after inventory and appraisement,
it shall appear that the personal estate is insufficient to
discharge the debts allowed against the estate, etc., resort
may be had to real estate in the manner provided, and
that the fact of such insufficiency of assets quite properly
may be made to appear by facts outside of the inventory
and appraisement, and that the inventory and appraise-
ment may be shown to be erroneous should it show a con-
dition as contended for by appellants here, viz: an ap-
parent sufficiency of personal assets, whereas an actual
insufficiency existed.

We construe this section (2065) to provide for the ac-
tion by the executor or administrator under a power of
sale contained in the will, and sec. 2066 to provide for
sale of real estate arising where personal assets are in-
sufficient to meet debts and legacies in those cases where
no power is contained in the will, thereby supplementing
the provisions of sec. 2065. In the latter contingency,
proceedings in the District Court are necessary, and the
authority of the executor or administrator is clearly
limited and circumscribed. Under our interpreta-
tion of these statutes, we do not consider that an
adjudication by the Probate Court as to the insufficiency
of personal assets was necessary. We think that the Leg-
islature has clearly shown an intention to vest in the
District Courts the necessary jurisdiction in the matter
of the sale of real estate of decedent's where power of

sale was not given to some designated person by a last will and testament of decedent. It does not appear from these sections that the Legislature had any intention to confer any such power upon the Probate Courts, and in our opinion it would be inconsistent with the apparent intention of the Legislature in this regard to so construe the acts referred to, as to vest in the Probate Court a vestige of such jurisdiction. Furthermore it is unreasonable to presume that the Legislature intended conferring upon the Probate Court the power of adjudication as to insufficiency of assets where no intention appears from reading either of the acts referred to, to confer such power upon the District Court, so far as the exercise by an executor or administrator of the power of sale conveyed by a last will and testament. It seems quite clear that the Legislature recognized the right of a decedent to designate some person (by last will), with authority to sell real estate, without hampering such individual by Court proceedings in either the Probate or District Courts.

This leaves for our consideration the remaining point urged by appellants in connection with this fourth assignment of error, viz: that the sales made by this administrator with the will annexed, were not lawfully made because not made under an order of the District Court, which contention is based upon the alleged fact that McGinnis was a general administrator instead of an administrator with the will annexed. We have disposed of this question by our holding that his authority may be discovered or ascertained by examining the order of appointment. For the reasons stated, we overrule the fourth assignment of error.

The fifth assignment of error is as follows:

"The court erred in its 7th conclusion of law, wherein it held that said McGinnis was in fact and in law administrator of the estate of Thomas J. Bull, deceased, with the will annexed, at the time he executed said deeds, and that the defendents therein named were entitled to the relief prayed for, because it was error to hold that said McGinnis was such administrator with the will annexed,

because the letters of administration, oath of office and bond show, as a matter of law, that he was not appointed or that he qualified as administrator with the will annexed; and in holding that appellees were entitled to the relief prayed for in that said sales were made without an order of sale of the District Court, without an order of confirmation of said court of said sales and because it did not appear from the inventory and appraisement and claims allowed and approved at the time each sale was made that the personal property was insufficient to pay the debts of said estate, and because each of said sales were at private sale and not at public sale, as required by statute, and without an order of the District Court authorizing a private sale of any of said lands."

The only new element in this assignment of error, not heretofore disposed of by this opinion, is the point that the sales of real estate were private and not public sales, which contention is based upon section 1960 of the Com-Laws of 1897, which section is as follows:

"The executor shall exercise all the authority conferred upon him by his appointment, and if it should be necessary, in order to carry out the desires of the testator, to sell a portion of the whole estate, he may dispose of the same at public sale, without being allowed to purchase, under penalty of the sale being declared null and void."

Appellants contend that the word "may" as used in the foregoing statute, should be construed as "shall," and thereby limit the power of sale given by the last will and testament of decedent, and thus compel a public sale. Section 1960 approved February 12th, 1852, and in our opinion must be construed in connection with the later statutes enacted as a portion of chapter 29 of the S. L. 1884, appearing as sec. 2064 and 2065, C. L. 1897. Sec. 2064 is as follows:

"Whenever any testator shall, by his last will, direct that his real estate, or any of it be sold, or otherwise disposed of, for the payment of his debts, or for any other purpose, and no executor be named therein; or if the executor named therein refuse such office, or be removed or die, the administrator, with the will annexed, or *de*

*bonis non,* may sell, convey and dispose of such real estate, in accordance with the provisions of such will."

We construe this last section to show a clear intention on the part of the Legislature to leave the disposal of real estate by last will and testament of decedent unhampered by court proceedings, and subject only to provisions expressed in the power of sale. Section 2065, supra, further enlarges the powers of an executor or administrator in those cases where power of sale is contained in the will, and gives to such officer the additional power to mortgage or lease, should such power be conferred by will. It is not for us to limit these acts of the Legislature, and the intention therein shown, in the manner contended for by the appellants. The general rule governing these matters has been laid down in Cyc., vol. 18, page 325, as follows:

"An executor who is given a power of sale by the will, has as a rule, considerable discretion as to the manner and conduct thereof. While public auction sales are insisted on in a few states, the more general rule permits a private sale at the discretion of the executor, prudently and honestly exercised."

There is no contention in this case that McGinnis failed to exercise a sound discretion in the sale of the several tracts of real estate, or that his conduct was not both prudent and honest, and we therefore hold that the fifth assignment of error should be overruled.

Finding no error in the record, and for the reasons given in this opinion, the appeal is dismissed and the judgment of the District Court affirmed, and it is so ordered.