[No. 3091.  Feb. 7, 1928.]

BRICKLEY v. SPENCE.

[264 Pac. 959.]

Medler & Whatley, of El Paso, Tex., for appellant.

E. R. Wright, of Santa Fe, for appellee.

## OPINION OF THE COURT

WATSON, J. This is an appeal by an executrix from a judgment allowing a claim against the estate. The objection made and the point pressed here is that the claim was barred by Code 1915, § 2278. The section reads as follows:

"All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within one year from the date of the appointment of the executor or administrator, shall be barred. No suit upon any claim shall be maintained unless the same be begun within eighteen months after the date of such appointment."

By order dated July 2, 1923, the will was admitted to probate, and it was "further ordered that Lena Spence, the person named in said will as executrix, without bond, be, and she hereby is appointed executrix of said estate, and that letters testamentary issue to her upon her taking the oath required by law." Letters testamentary appear in the record, signed by the probate judge, attested by the county clerk, and dated July 2, 1923. The executrix's oath was taken August 7, 1923, and the letters and oath were recorded August 13, 1923. The claim was filed August 1, 1924.

It is upon these facts that appellant invokes the statute of nonclaim. She contends that the date of her appointment was July 2, 1923. Appellee contends that it was not earlier than August 7, 1923, when the oath was taken.

The "appointment" of executors is regulated by statute. Code 1915, c. 38, art. 1; Amberson v. Candler, 17 N. M. 455, 130 P. 255. This chapter does not provide for a provisional order such as we have here. While the chapter sometimes mentions the court's power to "appoint," it usually refers to it as the power to grant letters. The making of a provisional order is convenient and unobjectionable practice, but unnecessary and not contemplated by the Legislature. This does not mean that the order may not be referred to to determine the character of the

appointment and the status of the appointee, nor that an order evidently intended for that purpose might not constitute one an executor even without the formality of issuing letters as the "credentials" of office. Bull v. Bal, 17 N. M. 466, 130 P. 251. We mean merely that the Legislature contemplated that the power to appoint would be exercised by the granting of letters. Now the order in this case did not assume, without other act of the court or of the appointee, to clothe the appointee with authority. It provided that formal letters be issued "upon her taking the oath required by law." So we deem the order merely provisional and dismiss it from consideration.

But the letters themselves are dated July 2. Is that date conclusive? The grant is thus expressed:

"* * * Administration * * * is granted unto Lena Spence, executrix in the said will named, she being first duly sworn well and truly to administrator as aforesaid, and to discharge the duties of such executrix."

This does not seem to be a mere recital that the executrix had been duly sworn. Such a recital would have been expressed, "she having first duly sworn," or "she having been first duly sworn." Moreover, such a recital would have been untrue in this case. The grant of administration seems to have been conditioned upon the taking of the oath.

Code 1915, § 2231, requires "every * * * executor at the time letters are granted to him" to take an oath of office. It further requires recording of all letters before delivery. It is a substantial and unobjectionable compliance with this statute, and common practice, to sign the letters, retaining control over them until the condition of the statute and of the letters themselves, as to the oath, has been fulfilled. Indulging the presumption of regularity, we should say that the letters before us were not actually delivered, until August 13, when they appear to have been recorded.

In Amberson v. Candler and Bull v. Bal, supra, and in Smith v. Steen, 20 N. M. 436, 150 P. 927, we were passing upon the validity of acts of an executor under an irregular or voidable appointment. That is not the case

here. It does not appear that appellant assumed to act before she had qualified. Her appointment is not irregular or voidable. The only question is when it became effective. The purpose of a statute of nonclaim is so plain that it needs no exposition. It is a necessary provision and must be upheld. But it is not meant as a trap for the unwary, nor to be applied with unnecessary harshness or technicality.

The Legislature evidently intended the granting of letters and the taking of the oath to be contemporaneous. When it fixed the time from which the limitation should date, it contemplated the date on which, if the proceedings were regular, both the appointment and the qualification would occur. So, it cannot be said to have been the intent to start the running of the limitation before qualification. Here the probate court adopted a procedure reasonably calculated to carry out the legislative intent. It would be an unnecessarily technical application of a useful but harsh and arbitrary law to attempt a distinction in this case between "appointment" and qualification.

The judgment will accordingly be affirmed and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.