72 P.(2d) 27

**In re KENNEY'S ESTATE.**

No. 4260.

Supreme Court of New Mexico.

Sept. 28, 1937.

Bryan G. Johnson and Gino J. Matteucci, both of Albuquerque, for appellant American Surety Co. of New York.

W. A. Keleher and A. H. McLeod, both of Albuquerque, for appellant L. N. Cary.

Mechem & Hannett and Donald B. Moses, all of Albuquerque, for appellee.

BRICE, Justice.

This is an appeal from a decree of the district court in an action for an accounting brought by appellee as administrator de bonis non of the estate of Eugene F. Kenney, deceased, against appellants, as administrator with the will annexed of the same estate, and his surety on his bond. The appellant American Surety Company will be referred to as "Surety Company," and the other parties as appellant and appellee, respectively.

The record shows the following proceedings in the probate and district courts:

On July 7, 1924, an instrument purporting to be the last will and testament of Eugene F. Kenney, deceased, was filed in the office

of the probate clerk of McKinley county, by E. L. Kenney, one of the legatees, and recorded in the records of wills. The will accompanied a petition requesting that it be admitted to probate, and that letters testamentary issue to John C. Spears and Simeon Frost, named executors therein. An order was entered on the 15th day of July, 1924, fixing the 2d day of September following as the date for proving the will; for which purpose statutory notice was duly given. On the 2d day of September, 1924, the testimony of Dr. A. H. Delong, a subscribing witness to the will, was taken and filed in the case. No order probating the will appears in the record or on file. If it was made, it has been lost. On the 18th day of September, 1924, a petition was filed in the cause by appellant, in which it was stated that the two persons named for executors in the will had refused to qualify as such and had expressed the desire that the petitioner "be appointed as the person to administer upon said estate." On the same date an order appointing appellant administrator was entered, in which among other things it was stated: " * * * that decedent died testate, leaving two persons named as executors, each of which have refused to act as such executors; that L. N. Cary, who has petitioned to be appointed as administrator, is legally competent to act for said estate. It is therefore ordered that L. N. Cary be and he is hereby appointed administrator of the estate of Eugene F. Kenney, deceased."

Appellant did not file an oath as administrator; but made and filed his bond with appellant surety company as his surety. The bond is in form that of an ordinary administrator's bond. No mention is made of the fact that he was appointed administrator with the will annexed in the order, bond, or letters. Notice was duly published of appellant's appointment.

On the 21st day of January, 1925, appellant as "administrator of the estate of Eugene F. Kenney, deceased, with the will annexed," petitioned to remove the proceedings into the district court of McKinley county; which was accordingly done by order of the district court, in which it was recited that the matter came on for hearing on "the petition of L. N. Cary, petitioner and administrator with the will annexed," etc.

An application was made by appellant, as administrator of the estate with will annexed, to have the will construed by the district court; and process duly served. The court thereafter entered his decree construing the will, in which it was recited:

"This cause coming on to be heard upon this 16th day of February, 1926, in a suit brought by L. N. Cary, administrator of the estate with the will annexed, of Eugene F. Kenney, deceased, the court doth find the following facts:

"First: That Eugene F. Kenney aforesaid died testate on or about the 5th day of July, 1924, in Gallup, New Mexico, leaving a will, a copy of which is attached to and made a part of the bill filed herein; that letters of administration with the will annexed were issued unto L. N. Cary as

administrator on or about the 15th day of December, 1924, by the Judge of the probate court of McKinley County, New Mexico. That said L. N. Cary, administrator as is set forth hereinbefore has qualified as such administrator by giving the bond required by the order of the probate judge, and that said will was duly probated by said court."

In fact, since appellant's appointment, it has been assumed by the courts and all persons concerned in the administration of the estate, as all proceedings show, that the will was duly probated and appellant was the administrator with the will annexed.

In a petition by some of the heirs for the removal of appellant, he was designated "administrator cum testamento annexo," as he was in the order of removal, and the order appointing appellee administrator de bonis non.

Upon order of the court, appellant filed a final report and accounting, to which the appellee filed objections and gave notice thereof to appellant and the surety company, both of whom appeared at the hearing on the objections to the final report.

At such hearing counsel for the surety company stated: "Mr. Johnson: I am appearing in this proceeding on the objections filed to the final report of L. N. Cary on behalf of the American Surety Company of New York, by reason of the fact that the American Surety Company of New York appears as the surety on a bond executed by L. N. Cary as principal, and that notice of this proceeding was given to the American Surety Company of New York. The general rule of law is apparently that a surety who has notice of a hearing on an administrator's account will be bound in any suit on the bond as to the judgment entered by the Court against the administrator, and we therefore appear in this proceeding solely to protect our interests in that regard; but, this appearance, in so far as the law may permit, does not or is not intended to submit the Surety to the jurisdiction of the Court for the purpose of entering judgment in this proceeding, nor does the American Surety Company of New York waive any rights that it may have to question the liability of the Surety Company on the bond itself."

The fact that the bond designates appellant "administrator" instead of "administrator with the will annexed" is immaterial, if in fact the order of appointment shows the true intent was to appoint him administrator with the will annexed. The appellant's application and the order appointing him administrator recite in substance that Eugene F. Kenney died testate; that the executors named in the will had refused to act as executors and that appellant was legally competent to act. This state of facts permitted only the appointment of an administrator with the will annexed; and such was the effect of the order of the court. Bull v. Bal, 17 N.M. 466, 130 P. 251. For more than ten years the court and all parties interested have assumed in all proceedings in the cause that appellant was the administrator with the will annexed. This was the evident inten-

tion of the court, and the district court did not err in holding that appellant was the administrator with the will annexed. It may be stated in passing that the Surety Company and not the appellant raises this question.

The Surety Company raises the question that the will was never probated, by reason of which there could be no administrator with the will annexed. The whole proceeding has been conducted as though the will had been probated; the appellees have taken the benefits as though it had been probated, received a distribution of cash, and the administrator has proceeded to sell real estate and otherwise act under the terms of the will.

So far as the liability of appellant is concerned, it is immaterial whether a formal order was entered probating the will. In fact, all parties to the proceeding, including the probate and district courts, have acted under the assumption that the will was duly probated. Appellant took possession of the property of the estate and made disposition of it under this assumption. Except for the bond, appellant could not have obtained possession of the estate, and his surety (appellant does not raise the question) cannot now release itself from its obligation by denying the only authority under which its principal could have secured possession of these funds. A voluntary surety of one who takes possession of property as a trustee cannot release himself from liability on his principal's bond after he becomes liable thereon, upon the ground that the appointment of the principal as trustee was irregular or unauthorized. Under these circumstances the surety of a trustee will not be permitted to say that his principal was not in fact a trustee; he is estopped under well-recognized principles of law.

"If the proceeding was irregular for want of notice to the children of Mrs. Lynch, they might object to it in a proper manner for that cause; but Lynch, after having obtained the property upon the pretence of being the trustee, cannot be permitted to deny his liability to account as such. The defendant, who voluntarily became his surety in order that he might take the trust property, is for a like reason precluded from denying his liability as surety." People v. Norton, 9 N.Y. 176.

Also see U. S. to Use of Hine v. Morse, 218 U.S. 493, 31 S.Ct. 37, 54 L.Ed. 1123, 21 Ann.Cas. 782; 65 C.J. Title "Trusts" § 1020.

The district court did not err in holding that the Surety Company was estopped from defending upon the ground that appellant's appointment was not authorized because of the failure of the probate court to enter a formal order admitting the will to probate.

The district court concluded that items of expense of administration aggregating more than $2,000 were "claims against the estate" and should have been filed, approved, and allowed within twelve months of the appointment of the ad-

ministrator, as provided by the following sections of N.M.Comp.St.Ann.1929:

Section 47-504: "It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed, and five days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless the same have been approved by the executor or administrator, in which case they may be allowed by the judge without such notice."

Section 47-505: "All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within one year from the date of the appointment of the executor or administrator, shall be barred. No suit upon any claim shall be maintained unless the same be begun within eighteen months after the date of such appointment."

He refused to hear testimony in support of these items of appellant's account and denied credit therefor, not because unjust, but because not filed as "claims against the estate."

Expenses of administration are not "claims against an estate."

"Claims against the estate" are provided for by article 5 of chapter 47, N.M.Comp.St.Ann.1929, entitled "Executors and Administrators," in which is section 47-504, supra, and are debts made by deceased in his lifetime, and funeral expenses; whereas settlement of accounts of administration is provided for by article 6 of the same chapter, and are expenses of administration. None of the provisions of article 5, entitled "Allowance and Payment of Claims," have reference to settlement of the accounts of an executor or administrator.

"Claims against an estate" must be filed within one year from the date of the appointment of the executor or the administrator and, if not approved, are barred by limitation if suit is not filed thereon within eighteen months after such appointment. The probate judge may hear and determine such claims upon five days' notice to the administrator if not approved by him. Section 47-505, N.M.Comp.St.1929, supra. An order approving such claim is a judgment, which if not appealed from becomes final in a specified time. In re Field's Estate, 40 N.M. 423, 60 P.(2d) 945.

The expenses of administration are cared for in a different manner. The administrator is required to render an account of his trusteeship at the end of the first six months, and thereafter as the court may direct. Section 47-601, Comp.St.1929. But the statute that applies to the settlement of the accounts for the administration of the estate is section 47-604, Comp.St.1929 (since amended by chapter 81, N.M.L. 1931), the essential parts of which are as follows:

"When the estate is fully administered, it shall be the duty of the executor or administrator to file his final account and

report. Such final account and report shall contain a detailed statement of the amount of money received and expended by him from whom received and to whom paid, and refer to the vouchers for such payments, and the amount of money and property, if any, remaining unexpended or unappropriated. The account and report shall also contain the names and addresses of all of. the heirs of said decedent so far as the same are known to said executor or administrator, and as the same shall appear from the records and files in the probate court, and also the names and addresses of any and all devisees and legatees, as the same shall appear in the last will and testament of such decedent. Such account and report shall be verified by the oath of said executor or administrator, and upon the same being filed, the court or judge thereof shall appoint a day at some term subsequent thereto for the hearing of objections to such final account and report, the settlement thereof, and for a hearing and determination of the heirship to said decedent, the ownership of his estate, and the interest of each respective claimant thereto or therein, and the persons entitled to the distribution thereof."

Provision is made in this section for service of process upon all heirs, legatees, and devisees, so that all interested persons could be before the court with an opportunity to object to and contest the final account.

Notwithstanding there may have been accountings semiannually, or at other times, any orders entered thereon are tentative and interlocutory. Ordinarily they are entered by the court in the absence of interested parties other than the executor or administrator; but at the final accounting all parties are before the court. The administrator or executor upon final accounting is required to present an itemized, sworn account, supported by vouchers, any item of which may be contested by any interested party. Section 47-604, N.M.Comp.St.1929, supra.

No authority has been cited by appellee in support of the decision of the district court on this question, and we have found none. The district court erred in refusing to hear testimony upon the merits of these items of expense of administration.

Appellant was charged with $5,805.10, representing a mortgage debt due the Gallup bank, which was secured by a mortgage against the deceased's real estate, regarding which he tendered the following evidence: "The administrator now offers to prove that the sum of $5,805.10 was paid by the administrator to the Gallup bank to discharge a note in that amount which was secured by real estate belonging to the Kenney estate, and which sum of $5,805.10 was a part of the money received on the sale of said real estate, the total sale price being $8,000; and further offers to prove in connection with the payment and discharge of said note to the Gallup bank that the payment thereof was a part of the transaction for which the real estate was sold."

The district court sustained the following objections to the tender: (1) That the claim is barred by the statute of limitation; (2) that the claim had not been filed and sworn to as required by law; (3) that the debt was not made by him, but some other person before appellant was appointed administrator.

The court refused the tendered testimony and charged appellant with this amount.

One provision of the will was as follows: "4th: I appoint John C. Spears and Simeon Frost, both of Gallup, New Mexico as joint executors of this my last will and testament and direct that they shall sell all of my Property, real, personal and mixed, in New Mexico and divide the cash received therefrom equally as above set forth to my brother L. L. Kenney, and my nephew, Willis Kenney and my stepsister Nellie A. Babb."

A mortgage debt is not barred by limitation because not filed for payment with the executor or administrator. The only effect is to defeat any deficiency after the application of the proceeds of a sale of the real estate under foreclosure to the payment of the debt. It does not become a debt of the estate unless the payee elects to file it as a claim. This is the general rule, though there are some exceptions in the early cases of California and Florida. The Texas decisions are exceptions. See the cases collected on the subject in an annotation in 78 A.L.R. beginning at page 1126.

It is provided by section 47-301, N.M. Comp.St.1929: "The executor shall exercise all the authority conferred upon him by his appointment, and if it should be necessary, in order to carry out the desires of the testator, to sell a portion or the whole of the estate, he may dispose of the same at public sale, without being allowed to purchase, under penalty of the sale being declared null and void."

It was held in Bull v. Bal, supra, that this section of the statute does not prohibit a private sale by the executor or administrator. From the terms of the will and from the record, it is quite evident that the power given the executors was not intended to be personal to them. The legatees lived in a distant state and were not in a situation to look after their interests; from which it may be inferred that it was the intention of the testator that the property be sold and the proceeds divided among the legatees in any event.

The tendered evidence, if uncontradicted, would establish that at the time the property was sold for $8,000 there was a mortgage lien against it for $5,805.10, which in making the sale (and a part of that transaction) was paid off. It may be assumed that the property could not be sold without the payment of the mortgage debt. Other evidence shows that the property was appraised at $8,000, as unincumbered property; and no question is raised as to the correctness of this valuation. The estate therefore had an equity

in the property of $2,194.90. The property should have been appraised at that figure. We stated in Shortle v. McCloskey, 39 N.M. 273, 46 P.(2d) 50, 53: "It appears to us that the executor does not become 'possessed' of property mortgaged by the deceased during his lifetime, except as it is incumbered by the lien, or, in other words, that he only becomes 'possessed' of the equity in such mortgaged property and not of the property itself."

In our opinion in that case we quoted with approval 24 C.J. title "Executors and Administrators," § 1182, as follows: "'Property which is subject to a lien or incumbrance can in a strict sense be considered assets of the estate only so far as its value exceeds the amount of the incumbrance, and hence it follows that the rules of priority applicable to the case of general assets of the estate must be subject to considerable modification when applied to incumbered property, although the excess after payment of the incumbrance will be applied according to the usual rules of priority.'"

We also cited other authorities in that opinion, to which reference is made.

Now the estate received the proceeds of the sale of the equity in the property at its appraised value; but it is here sought to charge the appellant with money he never received and to which the estate was not entitled. There is no claim of fraud in the transaction, nor that appellant did not secure for the estate its full value, taking into consideration the mortgage debt against it. Appellant could not have exercised the power of sale without liquidating the mortgage debt. Had he sold the estate's equity in the property subject to the debt, no one could have questioned the transaction on the grounds here advanced; and that in effect was done.

The appellant was chargeable with the value of the equity in the property only, and this was paid into the estate.

The district court will not be permitted to charge against the appellant money he did not receive and to which the estate, under no consideration, was entitled. It was error to do so.

The statute of limitation does not bar a recovery of the expenses of administration. No judgment could have been entered thereon until appellant's final report had been filed and accounting had thereon.

The Surety Company entered its general appearance in the case and the court was authorized to enter judgment against it.

Ordinarily cases involving estates can be disposed of in two years; and we agree with appellee that it was inexcusable that this case was not closed years ago. The fault is primarily that of appellant, but the legatees were not without remedy, which they tardily exercised. The district court could, by exercising his powers, have compelled an accounting years ago. But the delay is no reason, as appellee seems to contend, for denying appellant rights to which in all conscience he is entitled.

The cause will be reversed and remanded, with instructions to the district court to proceed with the consideration of the objections to the appellant's final report, not inconsistent herewith.

It is so ordered.

HUDSPETH, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.