329 P.2d 1023

In the Matter of the Last WILL and Testament of George BOGERT, Deceased.

BOARD OF DIRECTORS OF The NEW MEXICO INSANE ASYLUM, Claimant-Appellant,

v.

Clara RUNKEL, Administratrix of the estate of George Bogert, Deceased, Defendant-Appellee.

No. 6376.

Supreme Court of New Mexico.

Aug. 18, 1958.

Rehearing Denied Oct. 6, 1958.

Fred M. Standley, Atty. Gen., Alfred P. Whittaker, Fred M. Calkins, Jr., Asst. Attys. Gen., for appellant.

Hervey, Dow & Hinkle, W. E. Bondurant, Jr., John Jennings, Roswell, for appellee.

SADLER, Justice.

The question for decision is whether the ordinary non-claim statute barring recovery on a claim not presented and favorably acted upon by a personal representative within a fixed time operates against a State, its legal subdivisions or agencies.

The present appeal presents a single judgment entered in two cases, one originating in the probate court of Chaves County and removed by appeal to the district court of the county; the other originating in the district court of the county, where an order of consolidation of the causes for purposes of trial and judgment was subsequently entered and the proceedings thereafter treated as one case for purposes of judgment and appeal. The case originating in the probate court was docketed in the district court as No. 19,654 and the one originating in the district court bore district court docket No. 20,259.

440

The probate court case, later appealed to the district court, was a proceeding to probate the last will and testament of George Bogert, deceased, in which after probate the appellee on this appeal was named as sole heir of George Bogert and appointed Executrix of his estate. Due notice to creditors was given and proof thereof filed in the probate court on June 17, 1954. Thereafter, on March 28, 1955, the appellant herein filed proof of claim in the probate court, attached to which was a commitment ordering confinement in the New Mexico State Hospital of Stella T. Bogert, wife of testator, signed by the district judge and dated January 28, 1933. The commitment order in addition directed appellee's testator to pay $35 per month for her care and maintenance, based on a finding she was not an indigent. The claim filed alleged the sum of $14,637, as to be then due and owing.

In due course and on September 9, 1955, the probate court entered a formal order denying the claim of New Mexico Hospital pursuant to an earlier oral announcement by the probate judge of his intention so to do made April 26, 1955. It was from the formal order denying the claim placed of record on September 9, 1955, that appellant, New Mexico Hospital, duly appealed to the district court, as aforesaid, on September 22, 1955.

It was subsequent to the foregoing proceedings in the probate court and the ap-

peal to the district court of its order rejecting appellant's claim, that appellant instituted its separate suit in the district court of Chaves County by filing with the clerk of said court its claim against appellee. The complaint consisted of two separate causes of action, in the first of which judgment against appellee at the rate of $35 per month for care and maintenance pursuant to the order of the district judge committing testator's wife, was demanded; and in the second of which judgment against appellee for $11,166.75 was demanded for room, board and medical care supplied testator's wife from the fiscal year 1933–1934 through 1953–1954. An answer by appellee was filed denying liability and thereby putting the cause at issue.

A pre-trial conference was held on March 15, 1957, conducted by the district judge and by agreement of opposing counsel the causes were consolidated for trial and judgment. Following trial and on July 18, 1957, judgment was entered in favor of appellee, from which the appellant on the same day was allowed an appeal. In its amended praecipe filed in the cause, the appellant merely called for the record proper. This was followed a few days later by a counter-praecipe filed by appellee, requesting the bringing up of all the testimony and proceedings, in addition to the record proper already called for by appellant.

The appellant presents the merits of its appeal under two points, a decision of either

of which in its favor would result in overturning the judgment of the trial court and directing entry of judgment in its favor upon remand. First, say appellant's counsel, the probate court of Chaves County never had any jurisdiction over the subject matter of this action because the subject matter of the claim is not a contract claim such as is contemplated by our statute of non-claim (L.1882, c. 1) 1953 Comp. § 31–8–3 et seq. And, as a second proposition they assert, even if it be assumed the probate court had jurisdiction over the subject matter the claim of the sovereign was timely filed and should have been allowed, since the nonclaim statute does not run against the sovereign.

In support of their first point, appellant's counsel place great reliance on our decision in Frei v. Brownlee, 56 N.M. 677, 248 P. 2d 671, as well as several other New Mexico cases used arguendo, as well as decisions of other sister states. So well satisfied are we, however, that appellant must prevail on its second challenge to the correctness of the judgment rejecting its claim, that we are moved to rest our decision upon it and leave the question put forward by its first point to a later day when resolving it is compelled by the factual situation involved.

The question thus presented is one of first impression in New Mexico, as both counsel agree, and which we find no basis for disputing. The statute relied upon as barring this claim, although amended from time to time over the years, was enacted as long ago as 1882 (L.1882, c. 1). In all material respects it still carries provisos found in its original enactment, save as to the time within which the bar attaches. We quote from 1953 Comp. § 31–8–3, as follows:

"All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within six (6) months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred. * * * No suit upon any claim shall be maintained unless the same be begun within twelve (12) months after the date of first publication of said notice of such appointment. * * *."

Section five (5) of the same act (1953 Comp. § 31–8–5) provides:

"All claims filed and not expressly admitted in writing signed by the executor, shall be considered as denied without any pleading on behalf of the estate. If a claim filed against the estate is not so admitted, the court may hear and allow the same or may reject it. In the latter case the claimant may appeal to the district court or bring his action therefor against the executor or administrator in the district court within six (6) months after the rejection of the claim by the probate court, and not afterward; but no such appeal shall

be taken or action brought more than twelve (12) months after the first publication of notice of the appointment of the executor or administrator. * * *."

We take it neither the appellee nor her counsel have fault to find with the generally accepted doctrine, not only in New Mexico but in the sister states as well, that statutes of limitation do not run against the sovereign unless it is expressly or by necessary implication provided. See, 53 C.J.S. under topic Limitations of Actions §§ 14 and 15, at pages 939, 940 et seq. We are not unmindful, however, there is a difference between the general statute of limitations and the non-claim statute, although in many respects they are quite similar in their objectives. In In re Kenney's Estate, 41 N.M. 576, 72 P.2d 27, we held the non-claim statute to be mandatory, thus giving even greater efficacy to it than to the general statute of limitations. This is in line with the general doctrine as set forth by Woerner's American Law of Administration (3rd Ed.) page 1326, § 402. It is interesting to note, too, that the author, Woerner, calls attention on page 1332 of his work to the holding that the statute of non-claim affects only the remedy and is subject to the will of the legislature.

In the case of Directors of Insane Asylum of New Mexico v. Boyd, 37 N.M. 36, 17 P.2d 358, 359, we had occasion to speak at some length on the application of the general statute of limitations, in a case very much like the present between this same appellant, under a different corporate name and the guardian of an insane inmate for her care and maintenance. Among other things, touching a plea of the statute of limitations, we said:

"Appellants maintain that their plea of the statute of limitations should have been sustained. The asylum is a state institution (section 1, art. 14, Const.), controlled by its officials and maintained at public expense. Its directors are appointed by the Governor of the state, and they have no personal interest in the institution's property. The loss of this claim would fall on all of the people of the state. Statutes of limitation ordinarily do not run against the state. State v. Board of County Commissioners, 33 N.M. 340, 267 P. 72. The appellee being an agency of the state, operating an asylum for the insane—a governmental function—the statutes of limitation do not apply. Central Hospital for Insane v. Adams, 134 Tenn. 429, 183 S.W. 1032, L.R.A.1916E, 94; State v. Moore, 90 Kan. 751, 136 P. 233, 236; Eastern State Hospital v. Graves' Committee, 105 Va. 151, 52 S.E. 837, 3 L.R.A.,N.S., 746, 8 Ann.Cas. 701; Wood on Limitations (4th Ed.) vol. 1, p. 170, 37 C.J. p. 715, states the rule: 'According to the weight of authority the statute of limitations cannot be pleaded against an action by a state

hospital for the insane, a body politic and corporate created by the state to carry out a public charity, and supported by the public revenues and controlled by the state's officers, to recover for board and medical attention furnished to an inmate.' "

■ In so far as the objectives of the statute of limitations and that of non-claim coincide, the reasoning and holding of this court in the Boyd case apply with just as much force and logic to the non-claim statute as to the general statute of limitations. Indeed, we have held that the two statutes may separately apply so that a claim may be barred under one, even though still open to suit under the other. In re Matson's Estate, 50 N.M. 155, 173 P.2d 484, 174 A.L.R. 1415. We have held many times that the sovereign can not be sued in its own courts without its consent. American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788; Looney v. Stryker, 31 N.M. 557, 249 P. 112, 50 A.L.R. 1404; State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059; Arnold v. State, 48 N.M. 596, 154 P. 2d 257. Furthermore, statutes said to authorize suits against the state are to be strictly construed. Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90; Arnold v. State, supra.

In line with rule of construction in Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027, 1032, we were dealing with the Declaratory Judgment Act, L.1935, c. 143 (1953 Comp. §§ 22–6–1 to 22–6–3) certain language whereof was relied upon as a consent on the part of the state to be sued under the Act. Section 3 of the Act reads:

"For the purpose of this act, the state of New Mexico, or any official thereof, may be sued and declaratory judgment entered when the rights, status or other legal relations of the parties call for a construction of the Constitution of the state of New Mexico, or any statute thereof."

On its face the language lent itself to such a construction. But we said:

" * * * We take this first opportunity to correct any impression that section 3 of the act is a general consent on the part of the state to be sued under its provisions. We are agreed that it has no such meaning and has no greater effect, in so far as this consideration is concerned, than merely to permit parties to sue the state under the act where the state's consent to be sued otherwise exists and the facts warrant suit."

In 34 A.L.R.2d 1003, under the subject heading: "Claim of Government or subdivision thereof as within provision of non-claim statute," the authorities from many jurisdictions are cited and discussed.

This annotation indicates almost an even split of the authorities on the proposition with an apparent conflict in cases within

two states. The author of the annotation has this to say regarding the question, to-wit:

"The problem involved herein appears to stem from a theory which is rooted deep in Anglo-American law, that time does not run against the king, as illustrated by the Latin maxim, 'nullum tempus occurrit regi,' or against the state, 'reipublicae.' This approach is generally followed in regard to ordinary statutes of limitation, unless the government has consented to be bound thereby. However, statutes of non-claim are usually felt to be somewhat distinguished from ordinary statutes of limitation, and therefore the question arises whether a claim by the government or a subdivision thereof is governed by such statutes.

"There is no doubt that claims of the United States government are not within nonclaim statutes, this question having been settled by the Supreme Court of the United States.

"However, the question is not as well settled in regard to claims by the states or subdivisions thereof, although there would seem to be a slight preponderance of authority in favor of the view that such claims are within the operation of the nonclaim statutes, and therefore barred if not presented within the time limited therein."

In view of the fact that in New Mexico we are committed to a strict con-struction of statutes authorizing suits against the state, as reflected by the cases of Dougherty v. Vidal, supra; Taos County Board of Education v. Sedillo, supra; and Arnold v. State, supra; and in line with the rationale of our decision in Directors of Insane Asylum of New Mexico v. Boyd, supra, we are brought inevitably to the conclusion that the claim involved under controlling principles is not barred. Indeed, the argument of appellee's counsel forces them to alternative choices, either of which is fatal to recovery, as appellant so aptly puts it.

"Here, indeed, is the dilemma. If the statute merely bars the remedy, like any statute of limitations, the State is not subject to the bar thereof, under the rule of the Boyd case, supra.

"If the statute destroys the right, and so is more than an ordinary statute of limitations—as Appellee squarely contends—then, clearly, the statute violates Article IV, Sec. 32 of the Constitution of New Mexico, as applied to the sovereign."

Appellee has invoked the provisions of Supreme Court Rule 17, subdivision 2, which allows an appellee to preserve for review error committed against him. She then challenges the trial court's finding No. 3 to effect there was due and owing to appellant by appellee the sum of $35 per month from April 28, 1934, to date of death of

testator at 6 per cent interest. She challenges sufficiency of the evidence to support such a finding. We find there was conflict in the evidence on the issue and must overrule this claim of error.

It follows from what has been said that the judgment is erroneous and must be reversed and the cause remanded. The trial court will set aside its judgment and proceed further in conformity with the views herein expressed. .

It will be so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SHILLINGLAW, J., not participating.