GEORGE W. CLODFELTER v. THE STATE OF NORTH CAROLINA.

*Claim against the State.*

1. The state is not answerable in damages to an individual for an injury resulting from the alleged misconduct or negligence of its officers or agents.
2. The original jurisdiction conferred upon this court by article four, section nine, of the constitution, " to hear claims against the state," is confined to such as are legal, and could be enforced if the state, like one of its citizens, was amenable to process.

CLAIM AGAINST THE STATE, heard on complaint and demurrer at February Term, 1882, of THE SUPREME COURT.

*Mr. J. B. Batchelor,* for plaintiff.
*Attorney-General,* for the State.

SMITH, C. J.   The demurrer to the complaint raises the question of the responsibility of the state for the consequences of the misconduct or negligence of its officers and agents.   The plaintiff, a convict sentenced to hard labor in the state prison for a series of years, was assigned to work on the Cape Fear and Yadkin Valley railroad, and, while engaged in blasting rock, by a premature explosion sustained an injury in the loss of both his eyes.   The complaint ascribes the explosion to the gross negligence of the supervising manager, under whose authority and control he was placed, in not supplying water in sufficient quantity to use in the operation and prevent the accident.   This is the case made in the complaint, and the liability of the state to make compensation is sustained upon the ground of the coerced labor put upon the plaintiff, and the taking from him all volition in avoiding danger and providing for his own safety.

The constitutional provision which confers jurisdiction upon this court " to hear claims against the state " is confined to such as are legal, and could be enforced if the state, like one of its citizens, was amenable to process, and the decision when made is recommendatory merely.

The only question then presented is, whether the state, in administering the functions of government through its appointed agents and officers, is legally liable to a claim in compensatory damages for an injury resulting from their misconduct or negligence.

That the doctrine of *respondeant superior* applicable to the relations of principal and agent created between other persons, does not prevail against the sovereign in the necessary employment of public agents, is too well settled upon authority and practice to admit of controversy.

"No government," says Mr. Justice MILLER, "has ever held itself liable to individuals for the misfeasance, laches, or unauthorized exercise of power by its officers and agents." *Gibbons* v. *United States*, 8 Wall., 269. And Judge STORY declares in his work on Agency, section 319: "The government does not undertake to guarantee to any person the fidelity of any of the officers or agents whom it employs, since that would involve it in all its operations in endless embarrassments and difficulties and losses, which would be subversive of the public interests."

Admitting the general principle, the plaintiff's counsel undertakes to withdraw the present claim from its operation, for that, the convict was put to work in constructing a railroad, a private enterprise, and not employed at any public work when the accident occurred, and thus the state has voluntarily assumed the responsibilities of one of its own citizens incurred under like circumstances. We cannot recognize the distinction as affecting the results, nor feel the force of the reasoning by which it is sustained. We do not perceive why, when convicts are employed in quarrying rock for the construction of the penitentiary itself, the rule of liability should be different from that which controls when they are engaged in similar work to aid in the building of a railroad or other less public work. They are in both cases under the control and supervision of managers or overseers appointed by the public authorities, and the protection of law.

The substitution of hard labor outside of the walls of the prison when the convict's condition is normal, and he has, in fresh air, pure water and wholesome food, superior advantages over a close confinement, is a humane and ameliorating policy in reference to the convict himself, as well as a more profitable use of his labor for the state, and not coming in competition with the trade of private persons, and yet it is the performance of an imposed service for crime

and answers all the purposes of punishment for its commission.

We are clearly of opinion that the state has incurred no legal liability for the negligence imputed to the overseer, and he alone, if any one, is answerable for the consequences of his neglect. The demurrer must therefore be sustained, and the action dismissed.

PER CURIAM. Dismissed.