[No. 2944. Aug. 2, 1926.]

LOONEY v. STRYKER et al.

[249 Pac. 112.]

### SYLLABUS BY THE COURT

1 Injunction will not lie against the state highway commission and the members thereof, the state highway engineer, the state auditor, and the state treasurer, to

[1] 32CJ p. 270 n. 45 New. [2] 36 Cyc p. 911 n. 45; p. 916 n. 85.

restrain them from paying moneys due a party contracting with the state pending the efforts of a creditor of such contractor to procure a judgment at law in order that he may summon such state officials as garnishees, because it is, in effect, an action against the state.

2  No one can sue the state except by its own consent; and when he avails himself of this consent, he must pursue the remedy which the law has provided.

Appeal from District Court, Santa Fé County; Holloman, Judge.

Suit by W. B. Looney against J. V. Stryker, trading as the J. V. Stryker Construction Company, and others, for an injunction. From a judgment for defendants, plaintiff appeals. Affirmed.

E. P. Davies, of Santa Fé, for appellant.

Milton J. Helmick, Atty. Gen., and J. W. Armstrong, Asst. Atty. Gen., for appellees.

OPINION OF THE COURT

BICKLEY, J.  [1]  This is an action instituted by the appellant against the appellees in the district court of Santa Fe county, wherein appellant sought to have the state officials named as defendants restrained from paying out certain moneys, alleged to be due to the defendant Stryker, until the appellant could obtain judgment against the said defendant Stryker. In response to the rule show cause issued therein, the state officials filed a demurrer wherein they attacked the sufficiency of the complaint to constitute a cause of action against the demurring defendants. The lower court sustained the demurrer and the plaintiff appealed. The important material allegations of the complaint are that the state highway commission entered into a contract with defendant J. V. Stryker trading as the J. V. Stryker Construction Company, for the construction of a highway, and that the said Stryker employed certain persons, including plaintiff, to work in the carrying out of said contract, and the plaintiff is the assignee of the claims of the various persons so employed and named in said complaint; that said construction work had been completed by said Stryker and

that there is due and owing from said state highway
commission the sum of $1,100 or other large sum, the
exact amount of which is to the plaintiff unknown; that
the said Stryker is a nonresident of the state of New
Mexico and is insolvent; that the amount of money due
said Stryker by said state highway commission is a
trust fund, inasmuch as the labor of the plaintiff and
his assignors brought about the existence of said fund
so due the defendant Stryker. The complaint prays
for discovery as to the exact amount due the said de-
fendant Stryker, for judgment in rem for the amount
so ascertained to be due against the said Stryker, and
that, pending the determination of the cause, the state
officials be restrained from paying out said sum or
any part thereof, it being alleged that the remedy at
law is inadequate, inasmuch as the fund cannot be
garnished until judgment is obtained against the de-
fendant Stryker.

The sole question for determination is whether the
facts alleged in the complaint set forth a cause of ac-
tion against the demurring defendants.

The demurring defendants appeared by the Attor-
ney General of the state of New Mexico and such At-
torney General represents the appellees here. It is the
contention of the appellees that the action is a suit
against the state, and, as such, cannot be maintained;
that the appellant's complaint shows him to have an
adequate remedy at law.

In support of the proposition that the state may not
be sued without its consent and permission, the Attor-
ney General cites the following authorities. Title Guar-
anty & Surety Co. v. Guernsey (D. C.) 205 F. 91; Smith
v. Reeves, 178 U .S. 436, 20 S. Ct. 919, 44 L. Ed. 1140;
Kawananakoa v. Polybank, 205 U. S. 349, 27 S. Ct. 526,
51 L. Ed. 934; 25 R. C. L. ''States,'' § 49; State ex rel.
Evans v. Field, 27 N. M. 384, 201 P. 1059; Dow v. Irwin,
21 N. M. 576, 157 P. 490, L. R. A. 1916E, 1153.

This argument of the Attorney General is not ans-
wered by the appellant. He filed no reply brief.

In Dow v. Irwin, 21 N. M. 576, 157 P. 490, L. R. A. 1916E, 1153, we said:

"In the absence of legislative authorization, public policy forbids the garnishment of moneys due the creditors of a county, whether the remedy by which it is sought to reach such funds is denominated legal or equitable."

We also remarked in that case, although the decision was not rested upon that ground, that:

"Counties, being but political subdivisions of the state, created by the Legislature for the purpose of aiding in the administration of the affairs of the state, can neither sue nor be sued without legislative sanction. They have only such powers as are granted them by the Legislature. * * * Certain officers are provided for, whose duties and powers are defined by law. To these. officers are intrusted the local administration of the affairs of the county, with such duties toward the state as the lawmaking power imposes upon them. With the private affairs of the people, they have no concern, and, as pointed out, such corporations differ materially from private corporations, and even from a 'municipal corporation,' as that term is used to designate a city or town. In the absence of a statute, so authorizing, a county cannot be sued."

For stronger reasons, the state may not be sued without its consent.

Appellant correctly argues that since Dow v. Irwin, supra, chapter 26, Laws 1915, chapter 18, Laws 1917, and chapter 153, Laws 1919, evidence a modification in such public policy of this state in so far as garnishment proceedings are concerned. These enactments, however, required a pre-existing judgment against the debtor obtained in some court of this state as a condition precedent to the garnishment of a public official.

Appellant prays that the appellees be enjoined from paying out the money due its creditor Stryker until plaintiff may obtain a judgment against defendant. Appellant cites 12 R. C. L. p. 827, to the effect that:

"Under certain circumstances, an injunction pendente lite may be issued to restrain the garnishee from. parting with property sought to be seized."

The case of Bank of Monroe v. Ouachita Valley Bank, 124 La. 798, 50 So. 718, 134 Am. St. Rep. 518, is the

only case cited in support of the text, and it appears that there the plaintiff undertook to levy upon some .supposed indebtedness or property by garnishment and at the same time to make use of the writ of injunction to hold. matters in abeyance pendente lite; i. e., until, by means of the proceedings in garnishment, it could develop the existence of property and credits and cause the same to be turned over to the sheriff. The Supreme Court said:

"When, however, the court reached the conclusion that it had taken nothing by the attempted garnishment, its judgment to that effect left nothing for the injunction to rest on, and the whole . proceeding, having collapsed, was properly dismissed by a final judgment."

Aside from the question of this being a· suit against the state, the appellant would seem from the reasoning of that case, not to be entitled to the injunction unless. he made a showing that he could seasonably obtain a· judgment against the defendant Stryker so as to be, able to effectuate a garnishment of the funds belonging to Stryker· in the hands of the state officers.

Appellant alleges that defendant Stryker is a non-. resident of this state. The consequence is that he cannot obtain a judgment against him in the courts of this state. It has been 2½ years since this action was commenced and we apprehend that, if plaintiff had since procured judgment against defendant Stryker, statutory garnishment would have followed and this case would have become moot.

As between individuals, we find the law relating to· creditor's suits, as stated by Mr. Pomeroy, to be that:

"In the absence of statute, a simple contract creditor cannot, in general, maintain a creditor's bill. Before resorting to equity, he must reduce his claim to judgment at law." Pomeroy's Equity Jurisprudence (2 Ed.) § 2305.

It is further said, however, at section 2307 that judgment may be dispensed with in certain cases:

"To the rule requiring a judgment as a prerequisite to a creditor's bill, a few exceptions are allowed in some jurisdictions. Thus,. it is sometimes held that a creditor

need. not obtain judgment before resorting to equity to reach assets of a deceased debtor. A few states allow a resident general creditor to maintain a bill to reach property of a nonresident debtor within the state. Likewise, exceptions have been made when the debtor has absconded and cannot be found within the state, and when the debtor is insolvent and the claim is undisputed.''

The allegations of appellant's complaint would bring him within the exceptions, were this a controversy solely between individuals, but here we have a suit against state officials which, in effect, is a suit against the state. The complaint alleges that ''this action is instituted against the above named officials, as such officials, and not in their individual capacity.'' Mr. Pomeroy, in his work, supra, at section 1749, says:

'The eleventh amendment to the federal Constitution denies to individuals the right to sue a state. Consequently, when a bill for an injunction against a public officer is in effect suit against a state, and no statute authorizes such suit, relief will be denied. In determining whether the state is a party, the courts will look beyond the parties to the record and decide according to the real effect. 'Where it is manifest upon the face of the record that the defendants have no individal interest in the controversy, and that the relief sought against them is only in their official capacity as representatives of the state, which alone is to be affected by the judgment or decree, the question then arising whether the suit is not substantially a suit against the state is one of jurisdiction.' ''

The state highway commission is an agency of the state and not a separate body politic or corporate. Section 10 of chapter 38, Laws 1917, relating to public highways and bridges, provides:

''That every contract for highway improvement upon state roads or roads improved, maintained, or constructed with state aid, under the provisions of this act, shall be made in the name of the state of New Mexico and signed by the state highway engineer, together with the board of county . commissioners or other proper officer or officers of a participating county, and by the contracting party, and no such contract shall be entered into, .nor shall any such work be authorized, in any county which will create a liability on the part of the state in excess of the funds apportioned to or otherwise available for expenditures in such county under the terms of this act.''

In section 11 of said act it is provided:

''The state and county shall each · pay its proportionate

share of such partial payments on the certification of the amount thereof by the state highway engineer."

So it would appear that the contract in this case was made with the state, and the state is obligated to pay for the work.

[2] Of course, the state may consent to be sued, and in this state the Legislature has given its consent that the state may be sued to the extent of having its officers summoned as garnishees in their official capacity. But it is specifically declared (chapter 153, Laws 1919): .

"In all cases where the plaintiff has a judgment in some court of the state against the defendant, any public officer may be summoned as garnishee and the return of such public officer shall be by statement over his official signature of the amount due the defendant, which said statement shall be filed by such public officer without any cost in the action."

When the Legislature bestowed this right to creditors, which right did not theretofore exist, under the holding in Dow v. Irwin, supra, it would seem that the right is subject to the conditions and we are not at liberty to create any new rights or extend the consent beyond the grant imported by the language of the statute. And the appellant seeking to sue the state is bound by the conditions attached to the consent of the state to be sued. In 25 R. C. L. "States," § 52, it is said:

"And all persons seeking to avail themselves of the privilege so granted must accept it subject to the terms and conditions attached thereto or forming a part of the right as granted by the state."

That text cites State of Indiana v. Mutual Life Ins. Co., 175 Ind. 59, 93 N. E. 213, 42 L. R. A. (N. S.) 256, wherein it was said:

"It is settled beyond controversy that the state, which in the eye of the law is recognized as a sovereign, cannot without its consent to be sued by a citizen. In case the state, through its legislative department, has granted the right or privilege to claimants to institute actions against it upon certain terms and conditions, all persons seeking to avail themselves of the privilege so granted must accept it subject to the terms and conditions attached thereto or forming

a part of the right as granted by the state. Or, in other words, the suit instituted must be limited to such claims as are contemplated by the act authorizing the state to be sued (citing authorities)."

Cornwall v. Commonwealth, 82 Va. 644, 3 Am. St. Rep. 121, is also cited, wherein it is declared:

"This is a suit against the state of Virginia, and the plaintiff in error can only sue the state by her own consent, and when he avails of this consent he must pursue the remedy as it is provided by the law. He has no other in this or any other forum."

So we hold that, the allegations of the complaint being insufficient to show that the plaintiff has a right to maintain this action against the demurring defendants, the action being in effect against the state, the demurrer was properly sustained. In view of our conclusion on this point, we find it unnecessary to discuss other propositions advanced by the appellant in support of his contentions.

Finding no error in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.