(No. 1968—

William R. Schaffer, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 15, 1935.*

Samuel M. Friedlander, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The declaration is based upon an action of trespass on the case, and alleges that on or about the 1st day of April, 1926, the claimant plead guilty to the crime of larceny in the Circuit Court of Peoria County, Illinois, and thereafter, on or about the 1st day of December, 1926, he was taken into custody charged with violating his parole and was sentenced to serve a term of one to ten years in the Joliet penitentiary; and while confined in this institution, he was required to perform certain labor; that on or about the 1st day of August, 1927, at and under the directions of the warden and his subordinates and officers, the claimant was working with twelve other inmates of said institution in a stone quarry, and while in the performance of his duties that were required of him, and while in the exercise of due care and caution for his own safety and the safety of others, a great quantity of rock weighing about eight tons fell upon him striking his left lower limb and causing him great and severe pains, requiring him to be confined in the hospital of that institution for a period of thirteen months; that these injuries necessitated three major operations, and incapacitated him from the further use of said limb and leg and marred and disfigured the said limb in such a condition that the said limb is wholly useless.

It is also alleged that on the 29th day of July, 1927, the claimant, while in the exercise of due care and caution for his own safety, sustained a broken toe and injury to the same foot while in the course of his labors while confined in this institution, and that on the 1st day of August, 1927, the date on which the rock fell on his leg, he was forced to work in the stone quarry by the orders of the warden and his subordinates and officers, in a condition which warranted his care and confinement in the hospital of the institution; that he informed the officers in charge that the rock which later fell was in a dangerous position and about to fall, and that unless the circumstances were changed, the claimant and other inmates were refusing to perform their duties in the stone quarry, but disregarding these warnings, the officer in charge, forced the claimant and his fellow inmates to continue with their duties in the stone quarry; that the stone did fall and crushed and injured claimant's leg and it became necessary to remove the bone of the major portion of the lower left limb, and that the injuries were permanent, and damages in the sum of $25,000.00 are asked.

The Attorney General has filed a motion to dismiss on the grounds that claimant is seeking to recover for an injury received by him while an inmate at the Joliet penitentiary and, therefore, the State is not liable, and also on the grounds that the declaration was filed July 30, 1932 and alleges that the injuries for which the claim was filed occurred on August 1, 1927, and no showing is made in the declaration that the requirements of Section 24 of the Compensation Act were complied with.

Our view of this case is that the claimant is not an employee of the State of Illinois so as to bring him within the terms and conditions of the Workmen's Compensation Act.

**In the absence of statute, the State is not liable to a convict for injuries sustained by him as a result of the negligence of a prison employee, whether the convict is working outside or inside the place of imprisonment.**

*Clodfelter* vs. *State,* 86 N. C. 51; *Lewis* vs. *State,* 96 N. Y. 71.

The reason for the rule is that the maintenance and conduct of such institution is a purely governmental function, to which the rule of respondeat superior does not apply.

It is said that if a prisoner has sustained injury as the result of the negligence of an officer charged with his custody, the injury must be attributed to the cause which occasioned his confinement.

*Lewis* vs. *State,* supra.

Therefore to enable a prisoner to maintain an action against the State or a governmental agency exercising the functions of a State in regard to a penal institution, the authority to sue them must be expressly given by the statute.

*Curran* vs. *Boston,* 151 Mass. 505.

The claim will, therefore, be denied.