154 P.2d 257

**ARNOLD v. STATE.**

No. 4866.

Supreme Court of New Mexico.

Dec. 16, 1944.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellant.

J. Benson Newell, of Las Cruces, for appellee.

SADLER, Chief Justice.

The decisive question, if answered negatively, is whether 1941 Comp. § 25-603 constitutes a general consent on the part of the state to be sued under the provisions of the Declaratory Judgments Act, L.1935, c. 143. Our former decision in Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027, supplies a negative answer to the question and we adhere to that decision on this appeal.

The plaintiff, who is appellee before this court, sued the state, securing service on the Governor and the Attorney General pursuant to Trial Court Rule 57(b), 1941 Comp. § 19-101, Rule 57(b). The petition disclosed that one Louise M. Arnold died on December 30, 1943, at Alamogordo, New Mexico, at the age of 92; that she was the widow of plaintiff's deceased brother and that the deceased husband and wife had acquired substantial real and personal community property during their marriage; that Louise M. Arnold had never remarried after the death of her husband; that during her lifetime and apparently after her husband's death she had executed a last will leaving practically her entire estate to the plaintiff but that all efforts to locate it had failed, the implication of the petition being that it had been secreted or destroyed by certain persons, husband and wife, who lived with decedent some months prior to her death and for whose benefit decedent had transferred substantially all her property in trust in exchange for their promise to care for, support and furnish her decent burial.

The petition further alleged that decedent had on deposit in a certain bank in Alamogordo at the time of her death, seemingly not subject to the trust, the sum of $500. It also alleged facts which, if true, would take certain personal property described in the trust deed, out from under the terms of the trust and render it, along with the cash in bank, subject to descent. Then, followed an allegation that under the provisions of 1941 Comp. § 31-116, purportedly repealed by L.1943, c. 17, there being no issue, where the surviving spouse shall die intestate as in this case, the community property of the marriage descends to the heirs of the husband and wife, the implication being that he is the sole heir of the deceased husband. The repeal of section 31-116, under which the plaintiff hopes to inherit, was assailed upon the constitutional ground that the subject of the repealing act was not clearly expressed in the title in that it referred only to the specified section of the 1941 Compilation embracing the act sought to be repealed, in alleged violation of Art. IV, § 16 of the state constitution. The state's interest was made to rest on the allegation that if the repealing act was effective, then all property of the decedent, including the bank balance of $500, would escheat to the state in that she must be deemed to have died intestate and without heirs.

With this background, the plaintiff then set forth in a concluding paragraph of his petition the language relied upon to invoke relief under the Declaratory Judgments Act, as follows: "Plaintiff alleges

that there is an actual existing controversy over the constitutionality of said Chap. 17 of the Laws of 1943, between him and the State of New Mexico,—the State contending that said law is constitutional and that said Sec. 31-116 of the 1941 Code is repealed; and the plaintiff contending same is effective because of the unconstitutionality of the repealing act."

The state appeared by the Attorney General and filed its motion to dismiss, setting up several grounds, the first of which is as follows: "That plaintiff's petition shows on its face that this Court is without jurisdiction over the defendant in that defendant is the State of New Mexico and that plaintiff is attempting to sue the State of New Mexico without its consent."

 In State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059, 1060, we said: "It is a fundamental doctrine at common law and everywhere in America that no sovereign state can be sued in its own courts or in any other without its consent and permission."

Indeed, so fundamental is the lack of consent that it was treated as jurisdictional in the foregoing case and permitted to be raised for the first time in this court.

The plaintiff relies upon the following language found in 1941 Comp. § 25-603 of the Declaratory Judgments Act as constituting general consent on the part of the state to be sued under the provisions of the act, subject to the conditions therein stated, to-wit: "For the purpose of this act, the state of New Mexico, or any official thereof, may be sued and declaratory judgment entered when the rights, status or other legal relations of the parties call for a construction of the constitution of the state of New Mexico, or any statute thereof."

In Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027, 1032, in a case decided only a few years following enactment of this legislation, the likelihood that this language would soon be relied upon as constituting a general immunity on the part of the state to be sued under the provisions of the act was sensed. The matter was considered and we said: "* * * We take this first opportunity to correct any impression that section 3 of the act is a general consent on the part of the state to be sued under its provisions. We are agreed that it has no such meaning and has no greater effect, in so far as this consideration is concerned, than merely to permit parties to sue the state under the act where the state's consent to be sued otherwise exists and the facts warrant suit."

 It was a mooted question in that case whether section 3 of the act (25-603), which is not found in the uniform and federal Declaratory Judgments Acts, constitutes an enlargement of the jurisdiction to enter declaratory judgments in certain instances where the state or a state official is the defendant and the construction of the state constitution or a statute is called for. Apropos this question, we said:

" * * * On the one side it is argued that if not an enlargement of jurisdiction, its presence in the act is meaningless, suit against the state or state officials in the instances enumerated being maintainable under section 1 without the aid of section 3. * * *

"On the other hand it is said that instead of enlarging section 3 limits jurisdiction; that its purpose is two-fold: First, to remove any doubt about applicability of the act to the state and state officials where consent on the part of the state to be sued otherwise exists; and, second, to limit the right to have declarations, even in those instances, subject to the conditions named, to cases involving the construction of the state constitution or of some statute. We pass the question. Any present declaration we might make upon the subject would be gratuitous in view of the fact that we find jurisdiction to exist under section 1."

In Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90, 92, we said:

"Both legally and practically we consider the state's immunity from suit too important a matter to be trifled with. 'A sovereign is exempt from suit, not because of any formal conception of obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.' Mr. Justice Holmes, in Kawananakoa v. Polyblank, 205 U.S. 349, 27 S.Ct. 526, 527, 51 L.Ed. 834. The Legislature, not to mention the courts, should proceed slowly and with caution in subjecting the state itself to the exigencies of litigation. Langford v. United States, 101 U.S. [341], 11 Otto 341, 25 L.Ed. 1010.

"Moreover, a question of jurisdiction arises. This court is the creature of the sovereign state. It can have no natural or presumptive jurisdiction over its creator. Such jurisdiction as we have over the state we must trace to the Constitution or to that branch of government which declares the state's public policy. In the absence of plain consent, to entertain a suit against the state is judicial usurpation.

"Furthermore, 'It is usually said that statutes authorizing suits against the state are to be strictly construed, since they are in derogation of the state's sovereignty.' 59 C.J. 303, 25 R.C.L. 416, Lewis' Sutherland, St.Const.(2d Ed.) § 558."

Other New Mexico cases dealing generally with the subject of the state's immunity from suit are Looney v. Stryker, 31 N.M. 557, 249 P. 112, 50 A.L.R. 1404, and American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788. See, also, Annotations: 42 A.L.R. 477, 50 A.L.R. 1408.

Confronted, therefore, in Taos County Board of Education v. Sedillo, supra, with a statute which, if plaintiff's contention be correct, opens wide the door to suits against the state, and mindful of the strict construction with which such statutes are interpreted, we looked for another meaning than that which was sug-

gested for it. And, other meanings appearing, as pointed out in the Sedillo case, supra, falling short of omnibus authority to sue the state, we inserted in the opinion in that case the cautionary language now so vigorously challenged by the plaintiff. We see no reason to repudiate it. The conclusion we reach is supported by the discussion to be found in Borchard on Declaratory Judgments (2d Ed.) 370–374.

It follows from what has been said that the judgment of the trial court should be reversed and the cause remanded with a direction to sustain defendant's motion to dismiss the suit as one against the state initiated without its consent.

It is so ordered.

MABRY, BRICE, BICKLEY, and THREET, JJ., concur.