195 P.2d 1014

**VIGIL et al. v. PENITENTIARY OF NEW MEXICO.**

**No. 5105.**

Supreme Court of New Mexico.

July 19, 1948.

Bigbee & Kool and F. A. Catron, all of Santa Fe, for appellants.

C. C. McCulloh, Atty. Gen., William R. Federici and Robert V. Wollard, Asst. Attys. Gen., and Seth & Montgomery, of Santa Fe, for appellee.

McGHEE, Justice.

The first question raised by the appeal in this case is whether an individual may maintain an action in tort against The Penitentiary of New Mexico, a corporation, for damages.

Section 1, Article 14 of the New Mexico Constitution provides:

"The Penitentiary at Santa Fe, the Miners' Hospital of New Mexico at Raton, the New Mexico Insane Asylum at Las Vegas, and the New Mexico Reform School at Springer, are hereby confirmed as state institutions."

Chapter 55, Laws of 1939 (Sec. 45-101, N.M.Stats.1941 Ann.), makes the Penitentiary of New Mexico a corporate body with the right to sue and be sued, and reads:

"The general government and management of the penitentiary shall be vested in five [5] commissioners, who shall be appointed by the governor as in the constitution provided, and the governor shall have power at any time to remove any of said commissioners and appoint their successors. Said commissioners, and their successors in office, shall constitute a body corporate under the name and style of 'The Penitentiary of New Mexico,' and said corporation shall have the right as such to sue and be sued, to contract and be contracted with, to buy, own, hold, manage, lease, sell and otherwise handle and dispose of all such real, personal and mixed property as in the judgment of the commissioners may be necessary and proper for the operation and management of the penitentiary, including the right to acquire, maintain and operate any necessary farm, or farms, at such places in this state as the commissioners shall designate."

The trial court held that the action was one against the state and that it was immune from liability in an action of tort, absent specific consent for such action.

By the overwhelming weight of authority from other states such an action against a corporation like the defendant in this case is held to be an action against the state which cannot be maintained under the general power given such corporations to sue and be sued, absent specific legislative permission. Indeed, the cases hold that a cause of action for tort does not exist against the state or such a corporation as this defendant, in the absence of a specific statute authorizing it. 49 A.J. p. 288, Sec. 76; 59 C.J. p. 194, Sec. 337; Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L.R.A., N.S., 251, Ann.Cas.1913E, 1033; Clodfelter v. State, 86 N.C. 51, 41 Am.Rep. 440.

The appellants frankly concede these rules in other jurisdictions, but assert that under the holdings of this court in Locke v. Trustees of New Mexico Reform School, 23 N.M. 487, 169 P. 304; State v. Locke, 29 N.M. 148, 219 P. 790, 30 A.L.R. 407, and Dougherty v. Vidal et al., 37 N.M. 256, 21 P.2d 90, 93, to the effect that an action instituted against a corporation created to handle the state's institutions is not one against the state, allows them to maintain this action.

The first Locke case was an action in ejectment for the possession of real estate, which it was claimed the corporation withheld. As we now read that case the plaintiff was allowed to maintain it for the reason that it was the corporation that was in possession of the real estate, not the individual trustees. The opinion quotes numerous authorities to the effect that an action in ejectment may be maintained against an officer of the United States in possession of premises, and that such an action is not deemed one against the government in the constitutional sense.

Based on such statement it was held in the later case of State v. Locke, supra, which was a quiet title action by the state, that the judgment in the ejectment suit was not res judicata. Dougherty v. Vidal was an action against State Highway Commission and its individual members for damages claimed to have resulted from failure to carry out a promise to build a road on the old grade, in consideration of which Dougherty had donated a right of way. It was held that the commission had not been made a corporation, and that the legislature had not authorized actions against it. In the course of the opinion, although not necessary to a decision in the case, the statement in the Locke case that an action against such a public corporation is not an action against the state was repeated. It is well, however, to note that neither of these cases was a tort action.

We quote from another part of the Dougherty case:

"Moreover, a question of jurisdiction arises. This court is the creature of the sovereign state. It can have no natural or presumptive jurisdiction over its creator. Such jurisdiction as we have over the state we must trace to the Constitution or to that branch of government which declares the state's public policy. In the absence of plain consent, to entertain a suit against the state is judicial usurpation.

"Furthermore, 'It is usually said that statutes authorizing suits against the state are to be strictly construed, since they are in derogation of the state's sovereignty.' 59 C.J. 303, 25 R.C.L. 416, Lewis' Sutherland, St.Const., 2d Ed., § 558."

Notwithstanding the language just quoted and the result reached in the Dougherty case, we find further evidence of the liberal policy of this court in allowing actions against the state by reference to the case of Board of Commissioners of Guadalupe County v. State et al., 43 N.M. 409, 94 P.2d 515, where not a voice was raised questioning the right of the commissioners to maintain an action against the State and the State Treasurer for a declaratory judgment on the validity of a bond issue, although we had previously held in State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059, and in State ex rel. Otto v. Field, 31 N.M. 120, 241 P. 1027, that an action

against a state officer, except to compel the performance by him of a ministerial duty, is an action against the state. Apparently the fact that the suit was against the state went unnoticed in this court. See also State ex rel. Del Curto v. District Court Fourth Judicial Dist., 51 N.M. 297, 183 P.2d 607. It was evidently considered by counsel in the Guadalupe county case, supra, that the provision of the Declaratory Judgment Act, Sec. 25-603 of the 1941 Compilation, reading:

"For the purpose of this act, the state of New Mexico, or any official thereof, may be sued and declaratory judgment entered when the rights, status or other legal relations of the parties call for a construction of the constitution of the state of New Mexico, or any statute thereof."

was a grant of permission to sue the state.

■ Notwithstanding the language just quoted, this court in State v. Arnold, 48 N.M. 596, 154 P.2d 257, which involved the constitutionality of our descent and distribution statutes, held it not to be a general consent to sue the state, and that express consent of the legislature must be obtained before the state could be sued under the act. This decision evidenced a marked reversal of our former liberal policy in allowing actions to be maintained against the state, as in Locke v. Trustees of New Mexico Reform School and in some of the language in Dougherty v. Vidal, both su-

pra; and placed us in line with the great majority of the courts in other states in holding that statutes authorizing suits against the state are to be strictly construed.

■ Is this suit against a governmental agency in fact a suit against the state, and, if so, does the language "right to sue and be sued" as used in the statute creating the penitentiary a corporation, open the door to an action in tort?

In 7 C.J.S., Asylums, § 9, pages 150, 151, the rule with reference to liability in tort of institutions, such as the state penitentiary, is set out as follows:

"* * * such an institution being a mere instrumentality of the state government, brought into being to aid in the performance of governmental duty, the rule of respondeat superior does not apply to it; and, therefore, it cannot be made to respond in damages for a personal injury inflicted on another by one of its inmates or employees, although such injury results from negligence or malicious acts on the part of such inmate or employee, and although the statute creating it provides that it may sue and be sued. The liability for such acts is on the individual personally guilty of the negligence or misconduct causing the injury. This has been held alike as to injuries sustained by an inmate through the negligence or wrongdoing of its employees as to injuries to

third persons by reason of negligent or wilful misconduct of employees or of inmates, and as to injuries done employees by inmates."

In an annotation on the subject under consideration in 49 A.L.R. p. 384, it is said:

"* * * the power conferred upon such public corporations as are under consideration, 'to sue and be sued,' is not a power to sue and be sued for any cause of action, whether in contract or tort, but to sue and be sued upon such matters only as are within the scope of the other corporate powers of such an institution, is held in Lyle v. National Home, 1909, C.C., 170 F. 842; White v. Alabama Insane Hospital, 1903, 138 Ala. 479, 35 So. 454; Leavell v. Western Kentucky Asylum, 1906, 122 Ky. 213, 91 S.W. 671, 4 L.R.A.,N.S., 269, 12 Ann.Cas. 827; and in Overholser v. National Home (1903) 68 Ohio St. 236, 67 N.E. 487, 62 L.R.A. 936, 96 Am.St.Rep. 658. This is upon the ground, as expressed in the last cited case, that 'the home not having been given the right to commit wrongs upon individuals, and it not having been contemplated that it would do so, the right to sue the home for tort was never contemplated or conferred.'"

In another annotation in 13 A.L.R., p. 1267, the following rule is stated:

"A general statute authorizing suits against the state does not permit a recovery for torts of its agents or servants."

The legislature has created many boards and commissions to transact the public business. Some have been made corporations, while others have been made mere governmental agencies, but their functions are substantially the same, whether incorporated or not, as pointed out by Mr. Justice Sadler in the Gibson case, 35 N.M. 550, 570, 571, 572, 4 P.2d 643, 653, from which we quote, in part:

"Perhaps more often than otherwise, the Legislature has created such boards without attempting to give them corporate character, instances of which are the creation of the state highway commission, section 64-301, Comp.1929, held in Looney v. Stryker, 31 N.M. 557, 249 P. 112, 50 A.L.R. 1404, a mere governmental agency; the state board of medical examiners, state board of education, and numerous others. The functions of these boards are substantially the same, whether incorporated or not. * * *"

As stated in Moody v. State's Prison of North Carolina, 128 N.C. 12, 38 S.E. 131, 53 L.R.A. 855, a tort action, where the defendant was a corporation as here:

"This is substantially a suit against the state. The defendant is a mere agent of the state in the administration of its government. The management and control of the state's prison is essentially a governmental function, being an indispensable part of the administration of the criminal laws

of the state. The matter is so fully and completely settled that nothing is left us, beyond the citation of authority. In Clodfelter v. State, 86 N.C. 51 [41 Am.Rep. 440], it was held that even an action instituted before this court under Const. art. 4, § 9, would not lie where a convict had lost his eyesight by the gross negligence of the supervising manager of the penitentiary, because, says Smith, Ch. J., 'the state, in administering the functions of government through its appointed agents and officers, is not legally liable to a claim in compensatory damages for an injury resulting from their misconduct or negligence. * * * If judgment upon such liability could be awarded against the defendant, it would be in effect a judgment against the state, to be enforced by execution against the state's property placed in the hands of its agency to be used for governmental purposes,—the operation of the state's prison."

In the present case, if the plaintiffs were held to have the right to maintain their action and recovered judgment, we would no doubt see the Sheriff of Santa Fe County levying an execution against the property of the penitentiary, an arm of the government, and just what he might be pleased to take into his possession and hold pending sale could not be forecast. We might be treated to the spectacle of seeing the superintendent, guards and convicts turned out upon the streets and highways pending a sale, at least, for it is stated in the Dougherty case the judgment creditor may have relief against the corporation in order to collect his judgment.

We think any language in Locke v. Trustees, supra, or Dougherty v. Vidal, supra, to the effect or tending to hold that mere corporate status of a state agency is determinative of the queustion of whether a suit against it is a suit against the state is erroneous and is hereby disapproved and overruled.

We also hold that the permission granted to such corporation to sue and be sued does not include the right to sue them in tort.

It is unnecessary to decide the questions relating to the sufficiency of the complaint raised by the cross appeal.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.