277 P.2d 550

Edward EYRING, Plaintiff and Appellant,

v.

The BOARD OF REGENTS OF THE NEW MEXICO NORMAL UNIVERSITY AT LAS VEGAS, New Mexico,

H. M. Mortimer, Georgia Abercrombie, Mary B. Romero, Frank Eliot McCulloch, and B. M. Werley, as Members of said Board of Regents, Defendants and Appellees.

No. 5798.

Supreme Court of New Mexico.

Dec. 10, 1954.

Kiker & Kiker, Santa Fe, for appellant.

Gilbert, White & Gilbert, Santa Fe, for appellees.

LUJAN, Justice.

This is an appeal from a judgment dismissing the complaint of the plaintiff seeking damages for an alleged breach of contract. The ground of the motion, which the trial court sustained, was that the

complaint failed to state a claim upon which relief could be granted. The plaintiff electing to stand on his complaint as filed, and having announced that he did not desire to further plead, the dismissal followed as a matter of course. This appeal is prosecuted to secure a reversal of the trial court's action.

Appellant (plaintiff) was employed by the Board of Regents of the New Mexico Normal University, appellee (defendant), as president of said university for the academic year commencing September 1, 1951, at a salary of $10,395 per annum. The employment originated in an express one for the year beginning September 1, 1939, and was created by the services of appellant being continued after the expiration of the original definite term of employment without objection by the appellee. On November 23, 1951, appellee purported to summarily terminate appellant's services. The Board of Regents, appellee, will be hereafter referred to as the Board.

The appellant alleged, substantially, as follows: That on November 22, 1951, while he was president of the above university he received from the president of the board a telegram notifying him that a meeting of said board would be held in appellant's office at nine o'clock in the forenoon of November 23, 1951; that he attended the meeting accompanied by counsel; that plaintiff's counsel stated to the board that if the purpose of the meeting was to consider the termination of appellant's employment as president of the university, that he was entitled by law to reasonable notice of the charges, if any, against him and to an opportunity to respond to such charges and to trial by the board; that appellant further pointed out to the board that by law he could be removed during the term for which he was appointed for cause only and after trial by said board; that plaintiff placed before said board and directly in front of its president § 55–2803 of the 1941 Compilation; that the president of the board then stated that the board could not proceed as a judicial body; that thereupon a resolution was offered and adopted by said board calling upon the appellant to resign immediately as president of the university and that his salary was to continue through December 31, 1951; that after the resolution was adopted the president of the board asked appellant whether he had any comment to make on the resolution; that appellant through his counsel replied that he would not resign and that he had no comment on said resolution; that immediately thereafter a motion to dismiss appellant was made and duly seconded, although no charges were made in said motion and no trial of any charges against him was held by the board; that at said meeting another motion was made, seconded, and duly carried appointing Lisle Hosford to act as president of the university in the place and stead of appel-

lant; that appellant thereafter held himself at all times ready, able and willing to perform the duties of president of the university throughout the academic year of 1951-1952; that appellant has received no compensation whatever pursuant to his contract of employment, for the period from February 1, 1952, to and including August 30, 1952.

Appellant further alleged that on January 12, 1952, he was duly served with a copy of a resolution adopted by the board at a meeting held January 11, 1952, which resolution set forth purported charges against him and notified him of a hearing and trial of the truth of said purported charges to be held before the board on January 19, 1952; that on January 19, 1952, the board undertook to hold a hearing upon said purported charges, at which hearing appellant appeared accompanied by counsel; that appellant through counsel inquired of the board whether or not the board then considered appellant as president of the university in view of their action of November 23, 1951; that the board declined to pass upon the question; that the appellant then declined to participate in the hearing.

Appellant further alleged upon information and belief that the board proceeded to hold a meeting on the charges referred to above, and to adopt a resolution purporting to discharge appellant as president of the university.

The New Mexico Normal University is a corporation created by statute, and its powers are thereby defined. "Said normal schools shall each be controlled and managed by a board of regents * * *. Each such board shall constitute a body politic and corporate, and shall have power to sue and be sued, to contract and be contracted with, and the title to all property belonging to each such normal school shall be vested in the respective corporate bodies and their successors." § 55–2104 of 1941 Comp., "Said boards of regents shall have full and complete power and control over their respective normal schools. Each board shall employ a superintendent or principal for such school who shall have the supervision and control of the school under such rules and regulations as may be provided by such board. Such board shall determine and provide as to what branches of learning shall be taught in such school and the classification and order of the same, and shall also direct the number of teachers that shall be employed, and shall determine the compensation to be paid to the superintendent and teachers. * * *" § 55–2107 of 1941 Comp., "No president or member of the faculty of any state educational institution shall be removed during the term for which he is elected, or appointed, *except for cause, and after trial by the*

*board of regents* of his institution, * *." § 55–2803 of 1941 Compilation.

█ Counsel for appellant contends that "the motion to dismiss should be granted only if the averments of the pleadings attacked disclosed with certainty the impossibility of stating and proving a claim upon which relief can be granted." However, appellant overlooks the fact that he elected to stand on his complaint as filed. Under such circumstances the question before us is not whether or not it would have been possible for the complaint to state a claim but, whether a claim was actually stated by the complaint as drawn. We said in Infield v. Cope, 58 N.M. 308, 270 P.2d 716, 718.

> "This explains our earlier statement that the plaintiff elected to stand upon her complaint, as drawn. Unless it states a cause of action so viewed, the possibility that it might have been amended to state a claim upon which relief could be granted will not aid her. Martinez v. Cook, 56 N.M. 343, 244 P.2d 134."

The allegations of the complaint refer to the action taken by the board at two different meetings, one on November 23, 1951, and the other on January 19, 1952. The complaint alleged that at the November meeting two motions were made and carried. One "to dismiss" appellant from his employment as president of the said uni-versity, and the other purporting to appoint Lisle Hosford to act as president of said university in the place and stead of appellant. It further alleged that said action was taken without any charges being made against the appellant and without giving him an opportunity to be heard, and without any trial whatever.

If the board followed the provisions of § 55–2803, supra, in adopting the removal motion the appellant was validly removed. If it did not, its action was ineffectual, and under such circumstances, since the attempted dismissal was as an absolute nullity, appellant still continued to be the president of said university.

In his work on Municipal Corporations, (Vol. 2, 5th Ed. § 473), Judge Dillon expresses the following opinion:

> "When an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing. But when the appointment is during good behavior, or where the removal can only be for certain specified causes, the power of removal cannot * * * be exercised unless there be a formulated charge against the officer, notice to him of the accusation, and a hearing of the evidence in support of the charge, and an opportunity given to the party of making defense."

In the case of State ex rel. Ulrick v. Sanchez, 32 N.M. 265, 255 P. 1077, 1081, the governor of this state attempted to remove one Felipe Sanchez y Baca, a duly appointed associate tax commissioner, from office without first having made charges against him and affording him a hearing. The defendant filed a demurrer to the complaint which was sustained and the relator appealed. Mr. Justice Bickley, in delivering the opinion of the court, said:

"If the Governor followed the provisions of the Constitution in making the removal, it was valid. If he did not, it was a nullity."

Appellant further argues, at great length, the proposition that the action of the board constituted a breach of the contract of employment because it was a repudiation thereof. We cannot agree with the views so expressed. Appellant refused to accept the action of the board as a repudiation of his contract and to treat the same as at an end. He presented himself daily at the university for the purpose of discharging his duties as president thereof, although he was not given anything to do; he received and accepted his salary continuously up to February 1, 1952. In discussing a similar question, the court in U. S. Potash Co. v. McNutt, 10 Cir., 70 F.2d 126, 130, said:

" * * * Where one party to an executory contract unqualifiedly repudiates, the other party may accept the repudiation, decline to render further services, and sue in quantum meruit for services already rendered." (Citing cases.)

The court further said:

" * * * It thus conclusively appears, by McNutt's own testimony, that if there were a repudiation by appellant, McNutt did not accept it but continued to perform. Before one may rely upon a repudiation of an executory contract, he must accept it as such and treat the contract as at an end. If he fails to do that, 'he keeps the contract alive for the benefit of the other party as well as his own.' " (Citing cases.)

We conclude that the attempted summary dismissal of appellant at the November meeting, without formal charges having been made, and without giving him an opportunity to be heard, and without any trial whatever was an absolute nullity. Consequently, there was no breach of contract and no claim upon which relief may be had could be based upon that action.

The fact that the attempted dismissal of appellant was a nullity, it did not bar the board from further action against the appellant if conducted according to law.

With respect to the January meeting, the complaint alleged that formal charges against appellant and a notice of hearing thereon had been made and served upon him. It further alleged that appellant re-

quested the board to announce whether or not it still considered him to be the president of the university; that the board declined to rule upon said question, and that the appellant declined to participate in the purported hearing; and that the hearing was conducted and resulted in the adoption of a resolution dismissing the appellant.

 The appellant is in no position to complain of the action taken by the board at this last meeting which was held according to law. At that time and place he was given an opportunity to hear the charges made against him and to defend against them, if he so desired. He was still the president of the university under his contract of employment, whether the board considered him so or not, in view of its action taken on November 23, 1951.

What has been said above is in response to the claim for salary the appellant would have drawn for the remainder of his term had he not been removed.

The claim for damages because of the alleged malicious breach of contract and the resulting damages to his reputation as an administrator sounds in tort and is really against the State of New Mexico. Such an action may not be maintained against the state without its consent, and it is not claimed consent has been given. That portion of the suit is controlled by the case of Vigil v. Penitentiary, 52 N.M. 224, 195 P.2d 1014.

The trial court's action in sustaining the motion to dismiss was proper and should be sustained, and its judgment affirmed.

It is so ordered.

McGHEE, C. J., and SADLER and COMPTON, JJ., concur.

SEYMOUR, J., not participating.