330 P.2d 556

Roman MAES, Plaintiff-Appellant,

v.

OLD LINCOLN COUNTY MEMORIAL COMMISSION, Defendant-Appellee.

No. 6428.

Supreme Court of New Mexico.

Oct. 9, 1958.

C. C. Chase, Jr., Alamogordo, for appellant.

Fred M. Standley, Atty. Gen., Alfred P. Whittaker, Asst. Atty. Gen., Fred M. Calkins, Jr., Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

This is an appeal from a judgment of the District Court for Lincoln County granting summary judgment to appellee, Old Lincoln County Memorial Commission, in a quiet title action.

In view of our holding in this case, an extended presentation and discussion of the facts is not deemed necessary. Briefly, the pertinent facts are as set forth below.

On March 28, 1957, appellant filed a suit to enjoin the Old Lincoln County Memorial Commission from trespassing on premises claimed by him. After a hearing, appellant filed an amended complaint seeking to quiet title to certain property against the Old Lincoln County Memorial Commission.

Appellee filed a motion for summary judgment on two grounds: (1) that the issues were *res judicata* by virtue of the judgment in Cause No. 6115, a quiet title suit brought by appellee against appellant, and (2) that the deed relied on by appellant does not describe any of the lands claimed by appellee. Appellant filed an affidavit in answer to the motion for summary judgment asserting certain defenses.

After hearing evidence and argument and considering briefs, the trial court granted appellee's motion for summary judgment on the ground that the issues were *res judicata*. This appeal is taken from that judgment.

■ The Attorney General, as counsel for appellee Old Lincoln County Memorial Commission, has filed a motion to dismiss the appeal. The basis for the motion is that this proceeding is, in effect, an action against the State and cannot be maintained without its consent. This contention was not raised in the lower court and is presented for the first time by the motion to dismiss. However, this attack goes to jurisdiction and may be raised for the first time in this court. State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059; Arnold v. State, 48 N.M. 596, 154 P.2d 257; Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690.

■ There is no question but that the Old Lincoln County Memorial Commission is an agency and instrumentality of the State of New Mexico. It was created by Chapter 138 of Laws of 1949 and is entrusted with the protection and preservation of the Old Lincoln County court house as a memorial and museum. Sections 4-12-23 through 4-12-30, N.M.S.A.1953.

■ No citation of authority is necessary for the fundamental proposition that the State cannot be sued without its consent. Thus the only remaining question is whether the State has consented to suits such as the one pressed here on appeal. It is settled in this jurisdiction that appearance by counsel cannot have the effect of waiving the State's immunity. Consent to suit must be granted by the legislature. Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90; Arnold v. State, 48 N.M. 596, 154 P. 2d 257; State ex rel. Del Curto v. District Court of Fourth Judicial District, 51 N.M. 297, 183 P.2d 607; Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P. 2d 1014; Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602.

■ We find no omnibus legislative consent to bring suit against the State to quiet title. Section 22-14-12, N.M.S.A.1953, provides as follows:

"Upon the conditions herein prescribed for the protection of the state of New Mexico, the consent of the state is given to be named a party in any suit which is now pending or which may hereafter be brought in any court of competent jurisdiction of the state *to quiet title to* or for the foreclosure of a mortgage or other lien upon *real estate* or personal property, *for the purpose of securing an adjudication touching any mortgage or other lien the state may have or claim on the premises* or personal property involved." (Italics added.)

478

The present case does not come within the scope of the consent granted in the above-quoted statute. This section was enacted for the limited purpose of aiding a mortgagee who discovers that the State has acquired an interest in the mortgaged property and is unable to pass a marketable title to the purchaser at a foreclosure sale unless the state can be joined in the foreclosure suit. See annotation in 113 A.L.R. 1511. The purpose of the suit filed below is not to obtain an adjudication regarding a lien claimed by the state, but to obtain an adjudication purporting to extinguish the state's fee simple title in the property.

Lest any doubt remain, it must be kept in mind that statutes authorizing suits against the state are in derogation of sovereignty and must be strictly construed. Arnold v. State, supra; Dougherty v. Vidal, supra; Vigil v. Penitentiary of New Mexico, supra; In re Bogert's Will (Board of Directors of New Mexico Insane Asylum v. Runkel), 64 N.M. ——, 329 P.2d 1023.

This appeal is dismissed for want of jurisdiction and the trial court is directed to enter judgment dismissing appellant's amended complaint for lack of jurisdiction.

It is so ordered.

SADLER, McGHEE, COMPTON, and SHILLINGLAW, JJ., concur.