466 P.2d 114

Maria K. NEVARES, Manuel Moreno, George Quesenberry, Sr., a/k/a George R. Quesenberry, Sr., C. F. Knoblauch, E. Forrest Sanders, James T. Martin, Jr., R. C. Garland, Constance S. McManus, Executrix of the Last Will of William Alexander Sutherland, Deceased, and Minnie Newberry Sutherland, surviving widow and sole devisee under the Last Will & Testament of William Alexander Sutherland, Deceased, Plaintiffs-Appellants,

v.

The STATE ARMORY BOARD of the State of New Mexico, Defendant-Appellee.

No. 8811.

Supreme Court of New Mexico.

Oct. 27, 1969.

Rehearing Denied March 20, 1970.

Garland, Martin & Martin, Sosa, Garza & Neumeyer, William W. Bivins, Las Cruces, for appellants.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

PER CURIAM.

The Court of its own motion withdraws the opinion heretofore filed in the above-entitled cause and substitutes in lieu thereof the following:

## OPINION

CASWELL S. NEAL, District Judge.

This is a quiet title action involving 7.45 acres of a tract of land formerly consisting of 107.93 acres, which was acquired by the City of Las Cruces in a condemnation proceeding in which the city sought to condemn the land "for the purpose of an airport." This was in 1940.

In 1965, the city abandoned the premises as an airport. The Certificate of Abandonment was filed December 6, 1965 and recorded in Book 68, page 500 of the Miscellaneous Records of Dona Ana County. Plaintiffs claim a reverter upon the abandonment for the purpose for which it was condemned.

Prior thereto on March 9, 1962, the City of Las Cruces had entered into a lease agreement with the State of New Mexico for the 7.45 acres of land involved in this litigation. The lease was for a term of 99 years, and for a stated consideration of $1.00. The State Armory Board as an agency of the state has been in possession of this land since the lease was executed and now possesses it and has made valuable improvements thereon. The improvements are the property of the State of New Mexico. The board has no proprietary interest therein.

On December 3, 1962, the State of New Mexico entered into a contract with the United States through its Departments of the Army, Air Force and National Guard, in which, for a consideration of 100 percent of the cost of the construction of National Guard buildings and other improvements on the property, the government, for a period of twenty-five years, should have the right to administer said improvements for the purpose of training units of the reserve forces of the United States, or in time of war or national emergency for the training of other units of the armed forces or any other use for which the government desired its use.

The State Armory Board contends the lease to it is valid and in force. The United States was not made a party to the action and has had no opportunity to defend or assert its claim.

The court quieted the title to the land in the plaintiffs, nevertheless holding that their title was subject to the 99-year lease dated March 6, 1962.

Plaintiffs-appellants contend that when the city abandoned the land for the purpose for which it was condemned, the title reverted to the original owners and that upon the termination of the base fee, the lease from the city to the State Armory Board terminated and expired.

The appellees-cross-appellants contend, among other things:

(a) that the United States is and was an indispensable party to this action, and

(b) that the State has not consented to the action, and has not waived its immunity, and that a suit against the State Armory Board is a suit against the State.

It is the view of the court that the cross-appeal should be sustained on the latter ground. This renders unnecessary the determination of plaintiffs' claims or the determination of the first ground of appellee's cross-appeal.

With reference to proposition two, the only consent the State has given to the

maintenance of a quiet title suit against the State is for the purposes of adjudications touching the foreclosure or status of any mortgage or other lien the State may have on the premises or personal property involved. (Sec. 22–14–12, N.M.S.A.1953.)

That the State Armory Board, as an agency of the State, is immune from a suit of this type is well settled. *Maes v. Old Lincoln County Memorial Commission,* 64 N.M. 475, 330 P.2d 556 (1958).

The case will be remanded to the lower court with directions to set aside the judgment of June 28, 1968 entered herein.

It is so ordered.

NOBLE, C. J., and WATSON, J., concur.