587 P.2d 1339

**Joseph E. BROSSEAU, Jr.,**
**Plaintiff-Appellee,**

v.

**NEW MEXICO STATE HIGHWAY DEPARTMENT, Defendant-Appellant,**

**Atchison, Topeka and Santa Fe Railway Company, Defendant-Appellee.**

**No. 11861.**

Supreme Court of New Mexico.

Dec. 21, 1978.

Toney Anaya, Atty. Gen., V. Henry Rothschild, Deputy Chief Counsel, State Highway Dept., Santa Fe, for appellant.

Kegel & McCulloch, W. R. Kegel, Santa Fe, for appellee Brosseau.

Johnson & Lanphere, Bryan G. Johnson, Albuquerque, for appellee Atchison, Topeka and Santa Fe Railway.

## OPINION

PAYNE, Justice.

Plaintiff-appellee Brosseau brought this quiet title action to extinguish title to certain property against both the New Mexico State Highway Department and the Atchison, Topeka and Santa Fe Railway Company. The Department filed a motion to dismiss the case on the ground that quiet title actions against the State are barred by the doctrine of sovereign immunity. From denial of that motion by the trial court, the Department brought this interlocutory appeal. By order we affirmed the trial court's decision. However, we granted the State's motion for a rehearing to more fully address the question presented on appeal.

The land which is the subject of this suit had allegedly been used by the Railway for railroad purposes until February 1974. The railway line was rerouted over land conveyed to the Railway by the Highway Department. This land had been condemned by the Department from Brosseau. In return for this conveyance, the Railway allegedly attempted to convey the abandoned property to the Department by quitclaim deed. Brosseau contends that under the federal statute by virtue of which the Railway acquired the right to use this land, the land reverted to him upon abandonment by

the Railway. He further contends that by its attempt to secure a conveyance of the allegedly abandoned property from the Railway, the Department claims an interest adverse to him which operates as a cloud on his title.

The Department contends that §§ 22–14–12 through 22–14–17, N.M.S.A.1953 establish a statutory scheme by which the State can be made a party to a quiet title action. The Department argues that this statutory scheme has the effect of establishing statutory sovereign immunity with respect to quiet title actions which fall outside the scope of § 22–14–12.

Section 22–14–12 provides:

Upon the conditions herein prescribed for the protection of the state of New Mexico, the consent of the state is given to be named a party in any suit which is now pending or which may hereafter be brought in any court of competent jurisdiction of the state to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the state may have or claim on the premises or personal property involved.

The Department contends that because Brosseau's suit does not fall within the language of § 22–14–12, it is barred by the doctrine of sovereign immunity. We do not agree.

■ Section 22–14–12 was enacted before this Court's decision in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975) in which the doctrine of sovereign immunity was abolished in tort actions against the State. At the time this section was enacted and at the time it was later interpreted to bar quiet title actions against the State which did not fall within its scope, the judicially-created doctrine of sovereign immunity was intact. *Nevares v. State Armory Board*, 81 N.M. 268, 466 P.2d 114 (1969); *Maes v. Old Lincoln County Memorial Commission*, 64 N.M. 475, 330 P.2d 556 (1958). The purpose of

§ 22–14–12 was to create an exception to that doctrine, rather than to statutorily adopt it.

In *Hicks* this Court rejected the argument that another statutory scheme, §§ 64–25–8 and 64–25–9, N.M.S.A.1953 (Repl.1972) (repealed by Laws 1975, ch. 334, § 18), amounted to a legislative enactment of sovereign immunity. We said:

[T]hese statutory schemes were in harmony with the common law doctrine of sovereign immunity, but had the effect of lessening, to a certain extent, the oftentimes harsh results of that doctrine. They definitely did not, as argued by defendants, create statutory sovereign immunity.

*Id.* at 589, 544 P.2d at 1154.

We also said:

The doctrine of sovereign immunity has always been a judicial creation without statutory codification and, therefore, can also be put to rest by the judiciary. (Citations omitted.) [A]nd all other cases holding that the legislature and not the judiciary is the proper forum to decide the fate of sovereign immunity are expressly overruled.

*Id.* at 589–90, 544 P.2d at 1154–55.

We hold that § 22–14–12 did not statutorily create sovereign immunity in quiet title actions against the State.

The Department points out that the decision in *Hicks* was limited to sovereign immunity as it applied to tort actions against the State and argues that its rationale should not be extended to quiet title actions. Although *Hicks* did apply only to tort actions, its essential premise was that the doctrine of sovereign immunity was an out-moded, archaic doctrine. We said: "There are presently in New Mexico no conditions or circumstances which could rationally support the doctrine of sovereign immunity." *Id.* at 590, 544 P.2d at 1155.

■ We can find no reason why the decision in *Hicks* should not be extended to

quiet title actions. A suit to quiet title does not involve a claim for damages. *Chavez v. Gomez*, 77 N.M. 341, 423 P.2d 31 (1967). It does not ask the judiciary to compel the legislative or executive branches to do anything. The plaintiff in such an action does not seek a dollar judgment. He seeks only that it be decided that he, rather than the State, is the owner of some specific property. This issue must be decided at some point if the Department persists in its claim to the land. This land and other similar lands may be idled by the cloud which the State's claimed interest places on title to the property. It is in the public interest that such clouds be removed in order that land be put to its full potential use. *O'Neill v. State Highway Department*, 50 N.J. 307, 235 A.2d 1 (1967).

■ A further justification for our decision is the fact that Brosseau and others in his position may have no adequate substitute to obtain an adjudication of their property rights as against the claimed interest of the State. An inverse condemnation action under § 22–9–22, N.M.S.A.1953 (Supp. 1975) would not lie if this property was not acquired for a public use. The doctrine of sovereign immunity may not be interposed to bar quiet title actions if its effect is to deny one a remedy for the taking of his property without compensation.

■ The Department asserts that if the *Hicks* decision is applied to quiet title actions against the State, the prospectivity rule established in that decision should be followed as well.

In *Hicks* this Court held that its ruling abrogating the doctrine of sovereign immunity in tort actions would be applied only to torts which occurred on or after July 1, 1976. The Department contends that if this rule is applied, this suit would be barred because the quitclaim deed which purportedly conveyed this property to the Department was executed before July 1, 1976.

We decline to apply the prospectivity rule. This rule was adopted in *Hicks* be-

cause of the unique circumstances posed by subjecting the State to tort liability without providing the State with an opportunity to secure liability insurance coverage and to promptly investigate tort claims made against it. No such considerations are present here.

The decision of the trial court denying the Department's motion to dismiss the case is affirmed and the case is remanded to the trial court for further proceedings.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.